(75 App. Div. 536.)

### POILLON v. POILLON.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. DIVORCE—AFFIDAVITS FOR ALIMONY—RIGHT TO REPLY.

Defendant in divorce having appealed from judgment for plaintiff, and the question of alimony having been referred to a referee, plaintiff moved for temporary alimony. Her affidavits failed to establish her inability to support herself pending the appeal, or the husband's ability to pay. At the hearing, the court allowed her to file new affidavits "in reply" to defendant's, but which were in reality an attempt to make out a case de novo. Defendant was not allowed to reply. *Held*, that the "replying" affidavits should either have been refused, or, if admitted, defendant should have been allowed to reply thereto.

2. SAME—ATTORNEY'S FEES.

Notwithstanding Code Civ. Proc. § 1769, providing that the court may, during the pending of an action for divorce, require the husband to pay money necessary to enable the wife "to carry on" or defend the action, the court is not authorized, after judgment for the wife, to order the husband to pay counsel fees to compensate an attorney for services previously rendered in procuring the judgment.

Appeal from special term, New York county.

Action by Frederica M. Poillon against John J. H. Poillon. From an order awarding alimony and counsel fee, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Eugene Frayer, for appellant.
Edward R. Finch, for respondent.

McLAUGHLIN, J. This action was brought for an absolute divorce. The plaintiff succeeded upon the trial, and judgment was thereafter entered dissolving the marriage contract and awarding the plaintiff $4,500 per year as alimony, unless the defendant elected, at his own expense, to go to a reference on the question of the amount of alimony. He did so elect, and thereupon the matter was sent to a referee to take proof and report the same to the court. From the judgment defendant appealed, and, after such appeal had been taken, the plaintiff moved, upon an affidavit made by her, the judgment roll and notice of appeal, for an order allowing her temporary alimony pending the reference and appeal, and for counsel fee. Upon

¶ 2. See Divorce, vol. 17, Cent. Dig. § 644.

the hearing of the motion the plaintiff was permitted, against defendant's objection, to file an affidavit "in reply" to the one submitted by the defendant, and the defendant was denied the right to answer the same. The motion was granted, and plaintiff was awarded $250 per month for temporary alimony until the permanent alimony had been determined and fixed, and $1,000 counsel fee "for services and expenses upon the trial of the action, and upon the appeal taken by defendant from the judgment." From this order the defendant has appealed.

The papers upon which the motion was originally made were insufficient to authorize the granting of any alimony, inasmuch as they failed to establish the wife's inability to support herself pending the reference or appeal, or the husband's ability to pay. These two facts must necessarily be established before any alimony can be granted. Code Civ. Proc. § 1769; Collins v. Collins, 80 N. Y. 13. The defects in the moving papers having been pointed out by defendant's counsel upon the argument of the motion, permission was given to the plaintiff to put in a replying affidavit. The affidavit was not, in fact, a replying affidavit, but was an attempt to make out a case, which had not been done by the original papers, and the court should have so held, and refused to receive the same, or, if received, should have allowed the defendant to answer the allegations therein contained and be heard thereon. He not only received the affidavit, but refused to permit defendant to reply to it. Manifestly, this was wrong, and it does not need argument to demonstrate it. It, in effect, deprived the defendant of his day in court. He has never been heard upon the real question upon which the right to an award of alimony depended. When plaintiff applied for alimony the burden was upon her to establish the facts which entitled her to it. She had the affirmative of that issue, and the defendant had the right of answer, and he could not legally be deprived of it. She had no right to reply under the settled rules of practice, and if a reply were accorded to her it should have been restricted to new matter set up by defendant by way of avoidance. If the practice here adopted were to prevail, it is not difficult to see how easy it would be to take property from one and give it to another, and the one from whom it was taken never have an opportunity to be heard upon the subject.

The order must also be reversed for another reason. The only authority for the granting of counsel fee in actions for divorce is section 1769 of the Code. This section provides that the court may in its discretion, during the pendency of the action, require the husband to pay any sum of money necessary to enable the wife to carry on or defend the action. Where, as here, a trial has been had and judgment rendered, the payment of counsel fee to compensate an attorney for his services previously rendered in procuring the judgment can in no sense be said to be necessary to enable the plaintiff to carry on or defend the action, and yet the order here awards $1,000 "as counsel fee for his services and expenses upon the trial of the action and upon the appeal." So much of the allowance as was made for the services of the attorney upon the trial was clearly

unauthorized.   Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735; McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.