October 7, 1902.) Action by the Pierce, Butler & Pierce Manufacturing Company against the Bauer-Hamilton Plumbing Company, William T. Hamilton, and others. No opinion. Judgment affirmed, with costs.

POILLON v. POILLON. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Frederica M. Poillon against John J. H. Poillon. No opinion. Motion denied.

POILLON, Respondent, v. POILLON, Appellant. (Supreme Court, Appellate Division, First Department. November 7, 1902.) Action for divorce by Frederica M. Poillon against John J. H. Poillon. From an order denying a motion to resettle an order for a rehearing, defendant appeals. Reversed. Eugene Frayer, for appellant. Edward R. Finch, for respondent.

McLAUGHLIN, J. This appeal is from an order denying defendant's motion to resettle an order granting plaintiff alimony and counsel fee, by striking from the recitals therein a certain affidavit of the plaintiff, or, if that be refused, a rehearing of the original motion. The motion should have been granted, for the reasons stated in the opinion delivered on the appeal (78 N. Y. Supp. 323) from the order granting alimony and counsel fee, decided herewith. The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted with $10 costs. All concur.

POLHEMUS, Respondent, v. CORNELL STEAMBOAT CO., Appellant. (Supreme Court, Appellate Division, Third Department. September 16, 1902.) Action by George D. Polhemus, as administrator, etc., of Herbert Polhemus, deceased, against the Cornell Steamboat Company.

PER CURIAM. Judgment affirmed, with costs.

KELLOGG, J., dissents.

POLYKRANAS, Respondent, v. KRAUSZ et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Action by Eliza J. Polykranas against Bernath Krausz and others. No opinion. Motion denied.

POOLE v. MERCANTILE CO-OP. BANK et al. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Henry D. Poole against the Mercantile Co-operative Bank and another. No opinion. Motion granted, with $10 costs.

QUIGLEY, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (City Court of New York, General Term. June, 1902.) Action by George Quigley, an infant, by Lizzie Quigley, his guardian ad litem, against the Metropolitan Street Railway Company. Henry A. Robinson (Theodore H. Lord and Addison C. Ormsbee, of counsel), for appellant. David M. Neuberger, for respondent.

SEABURY, J. This action was brought by an infant, through his guardian ad litem, to recover damages for injuries sustained through the alleged negligence of the defendant. The evidence warranted the submission of the case to the jury. The defendant, however, assails the verdict upon the unusual ground that it was denied a fair trial by reason of the conduct of the trial justice. A careful examination of the record convinces us that the learned justice before whom this case was tried exceeded that limit beyond which a trial justice cannot go without prejudicing the rights of a party to the action. While there can be no question that this action was not intended by the learned justice to have this effect, it is equally clear that his action must have been exceedingly prejudicial to the defendant. The trial justice, throughout the whole case, especially during the cross-examination of the defendant's witnesses, assumed the functions of the plaintiff's attorney in interrogating the witnesses. The extended examination of the witnesses by the court was continued against the objection and over the exception of counsel for the defendant. Many of the questions put to the witnesses were leading in form and incompetent in their nature, and were of such a character that, if they had been asked by counsel for the plaintiff, would have been clearly objectionable. The invariable tendency of the questions asked by the justice was to elucidate the facts of the plaintiff's case in a manner most favorable to the plaintiff. In view of these circumstances, we think the case comes clearly within the rule laid down in Bolte v. Railroad Co., 38 App. Div. 234, 56 N. Y. Supp. 1038, where the appellate division reversed the judgment solely because of a similar attitude assumed by the trial justice. But, if any doubt exists as to the necessity for a reversal of the judgment in this case upon the grounds stated, that doubt is removed by a review of the subsequent proceedings. The following extract from the record shows what transpired at the trial: "Defendant's counsel proceeds to sum up to the jury, and in the course of his address stated to the jury that the Metropolitan Street Railway Company should not be upbraided by plaintiff for bringing its proposed witnesses to its office, inasmuch as there was no other way of keeping track of them or of keeping them together, instead of having those witnesses hanging around these court rooms, and that when the jury would come to consider that the company had every day in these courts fully 200 or 300 witnesses, there was nothing improper in the company bringing them to its office. The Court: We will put upon the record that in this city court there are five parts. The counsel says that fully 200 or 300 witnesses would be required to come here every day. The court instructs the jury that that is not the fact. De-