## William M. Jones v. Bettie M. Jones.

1. ALIMONY AND SOLICITOR'S FEES—*when allowance of, is proper.* An allowance of alimony and solicitor's fees is proper where, prior to the final hearing, it has been made to appear to the court that the complainant, against whom the allowance was made, had personal and real property and was employed and earning a regular salary.

2. SOLICITOR'S FEES—*when allowance of, may be made.* An allowance of solicitor's fees earned in the successful defense of a proceeding for divorce may be included in the final decree entered in such cause.

3. NOTICE—*effect of failure to give, upon allowance of alimony and solicitor's fees.* Notice is not essential to the validity of an order entered in a divorce proceeding allowing alimony and solicitor's fees, inasmuch as a party to a cause must take notice of all motions entered upon the record.

Bill for divorce. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge. presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 9, 1903. Rehearing denied December 3, 1903.

TIPTON & TIPTON, for appellant.

LOUIS FITZHENRY, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill for divorce upon the ground of adultery,

filed by appellant against appellee. A jury was waived, and the court, upon a trial, found the defendant not guilty of the charge, and a decree was entered dismissing the bill for want of equity and ordering that the complainant pay to the defendant the sum of $25, for her solicitor's fees, and the sum of $3 per week as temporary alimony.

The complainant appeals to this court and asks that the decree be reversed because the same is not sustained by the evidence. The evidence upon the question of the guilt of the defendant, of the offense charged, was close and conflicting, and we are unable to say that the finding of the chancellor who saw the witnesses and heard them testify, was contrary to the greater weight of the evidence. It is further urged that the allowance of the solicitor's fees was not authorized by the pleadings and that there is no evidence in the record to sustain the same. The record discloses that prior to the final hearing, a petition for temporary alimony and solicitor's fees, duly verified by the affidavit of the defendant, was filed, and taken under advisement by the chancellor until a hearing was had upon the merits.

The petition averred that the complainant had personal property and real estate of the value of $1,000, and that he was earning the sum of $30 per month and his board, at the time of the filing of the petition. These facts were in no way contradicted or controverted and sufficiently advised the chancellor as to the resources of the complainant, and constituted a sufficient showing upon which to base the allowance for temporary alimony. It has been held that, where a divorce suit by the wife proceeds to a successful final decree, it is proper to include in her allowance the amount of her solicitor's fees earned in the prosecution of the suit, (Anderson v. Steger, 173 Ill. 112,) and we can see no reason why the rule should not apply where a defense is successfully interposed by the wife to a suit brought by the husband. We do not understand that it is the practice to hear evidence as to what amount should be allowed for solicitor's fees, *pendente lite*. The value of the services performed, or to be performed, and the finan-

cial resources of the complainant, were matters about which the chancellor was fully advised, and the amount to be allowed was within his sound discretion and judgment. Appellant complains that no notice was served upon him of the filing of the motion, nor of the hearing upon the same. "The statute does not require that notice of a motion for temporary alimony shall be given to the opposing party; he is brought into court by the summons and must take notice of motions entered upon the record." Becker v. Becker, 15 Ill. App. 247.

There being no reversible error in the record, the decree of the Circuit Court will be affirmed.

*Affirmed.*