(December 30, 1903.)

ROBY v. ROBY.

[74 Pac. 957.]

ALLOWANCE OF SUIT MONEY PENDING APPEAL—JURISDICTION OF DISTRICT COURT TO ALLOW SAME—JURISDICTION OF SUPREME COURT TO ALLOW SAME.

1. Under the provisions of sections 2472 and 4927 of the Revised Statutes of Idaho, the district courts retain jurisdiction in divorce cases after appeal has been taken from the judgment of such court to make orders directing the payment of costs and expenses necessary in the preparation and perfecting the appeal and for attorneys' fees in prosecuting the same.

2. *Held, further,* that under the provisions of section 9, article 5, of the constitution, after the record on appeal is filed in the supreme court, that court has power to order the payment of attorneys' fees or suit money when necessary to the complete exercise of its appellate jurisdiction.

(Syllabus by the court.)

ORIGINAL application in the supreme court praying for an order directing the husband to pay a certain sum of money to petitioner to pay the costs and expenses of preparing and perfecting her appeal and for attorneys' fees in the prosecution of the same. Petition and application dismissed.

George W. Tannahill, for Appellant.

This is a motion prosecuted by appellant, who is the wife of the respondent, requiring the respondent to pay to the ap-

pellant the sum of money sufficient to enable her to pay for the printing of the transcript and brief, and the costs necessary for filing her case in the supreme court, as well as stenographers' fees for writing the brief and transcript, and for the payment of $250 attorneys' fees to enable appellant to employ an attorney to prosecute her case in the supreme court. (*Pleyte v. Pleyte,* 15 Colo. 125, 25 Pac. 25; *Lake v. Lake,* 17 Nev. 230, 30 Pac. 878; *Bohnert v. Bohnert,* 91 Cal. 428, 27 Pac. 732; *Larkin v. Larkin,* 71 Cal. 330, 12 Pac. 227; *Ex parte Winter,* 71 Cal. 291, 11 Pac. 630; *People v. District Court,* 21 Colo. 251, 40 Pac. 460; *Rose v. Rose,* 109 Cal. 544, 42 Pac. 452; *Wolff v. Wolff* (Cal), 37 Pac. 858.)

Charles L. McDonald, for Respondent.

This matter comes before the court on an original application of the plaintiff and appellant herein for an order compelling the defendant to pay to her money to be used in defraying the expenses of appealing to this court from an order made by the district court of the second judicial district of the state of Idaho, refusing to grant to her a divorce from the defendant herein. The respondent herein has moved to dismiss the said application on the ground that this court has not jurisdiction to consider the same. It is shown by the affidavit of the attorney for the defendant herein that prior to the filing of the notice of appeal in this matter the plaintiff made an application to the judge of the district court above mentioned for an order allowing her money to defray the expenses of an appeal herein; that prior to the filing of the notice of appeal herein, the judge of said court made an order allowing the plaintiff herein the sum of seventy-five dollars ($75) to be used for said purpose. We are of the opinion that the question of suit money, even for expenses of an appeal to the supreme court, is one strictly within the sole jurisdiction of the trial court. (Idaho Rev. Stats., sec. 4297.) Section 2472 of the Revised Statutes provides that "while an action for divorce is pending, the court may, in its discretion require the husband to pay any money necessary to enable the wife to . . . . prosecute or defend the action." The court it has reference to here is the district court, and when it

states "while the suit is pending," in our judgment this means pending in the supreme court as well as in the district court. Some courts, under special constitutional provisions, have held that the appellate court is the proper place to apply for money to defray the costs of an appeal in a case of this character. The soundness of this doctrine is disputed by other courts. We will rest this matter with your honors by referring solely to the decisions of the supreme court of California on the subject, believing that they are founded on sound logic and on the law. (*Reilly v. Reilly,* 60 Cal. 624; *Bohnert v. Bohnert,* 91 Cal. 428, 27 Pac. 752.)

AILSHIE, J.—This is an original application made in this court by Emily H. Roby, plaintiff in the lower court, praying for an order of this court allowing her suit money and attorneys' fees to enable her to prosecute her appeal from the judgment of the trial court. It appears that the plaintiff was dissatisfied with the judgment of the district court, and filed and served her notice of appeal therefrom, and thereafter applied to the district judge who tried the cause for an order directing the husband to pay into court a sufficient amount to pay court costs and for the printing of the transcript and brief on appeal to this court, and for attorneys' fees for the prosecution of such appeal in this court. The district judge made an order allowing plaintiff the sum of $75 for such purpose, but she contends that this is not enough, and has made her original application in this court praying for an order requiring the defendant to pay the sum of $250 for costs and disbursements in the preparation of her appeal, and the further sum of $250 for attorneys' fees in the prosecution of such appeal. The defendant has filed a motion to dismiss the petition and application of plaintiff upon the ground that this court has no jurisdiction to hear and determine such an original application. It should be observed in the consideration of this matter that while an appeal has been taken to this court, the transcript on appeal has not yet been filed.

Section 4927, Revised Statutes, is as follows: "An action is deemed to be pending from the time of its commencement until·

its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

Under the provisions of this section we conclude that this action is still pending.

Section 2472, Revised Statutes, provides that "While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

We think the "court" referred to in section 2472, *supra,* is the district court, in which such actions are originally commenced, and that it is the intention of our statute to give to the trial court the jurisdiction to grant alimony and suit money so long as the action is pending, whether in the trial court or upon appeal. The trial judge is in a better position than this court to know the amount of money necessary for the payment of costs and disbursements in the prosecution of an appeal and the ability of the husband to meet such requirements. He knows all the facts in the case and the situation and condition of the parties. If we should hold that so soon as a notice of appeal is filed and served in such cases that application for suit money and attorneys' fees must thereafter be originally made in this court, it would result in turning the supreme court into a trial court in such matters; for the reason the record in such case would not be before the appellate court, and in order to apprise it of the facts in the case and the condition of the parties and the ability of the husband to comply with such order as might be made, it would be necessary to have affidavits from both of the respective parties made and filed in this court, and such investigation and determination made here as would be originally made by the trial judge.

Under subdivision 3 of section 4807, an order made after judgment, as was done in this case, is an appealable order, and can only be reviewed in this court upon appeal therefrom.

It is contended by the appellant, or petitioner, that under the terms of section 4814, Revised Statutes, the district court loses jurisdiction to make such an order as required in this case after an appeal has been taken from the judgment in that court.

This section provides *inter alia* as follows: "Whenever an appeal is perfected as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein."

We do not think this contention is correct. The allowance or disallowance of suit money and attorneys' fees for the prosecution of such an appeal is not a part of the "judgment appealed from," nor is it a "matter embraced therein."

We do not want to be understood as denying the jurisdiction of this court to allow either attorneys' fees or suit money after the case has been filed in this court upon appeal when the same is proper or necessary to the complete exercise of its appellate jurisdiction.

Under section 9 of article 5 of the constitution, this court has jurisdiction to review upon appeal any decision of the district courts and may issue "all writs necessary or proper to the complete exercise of its appellate jurisdiction."

California has statutes corresponding literally with the sections of our statute above quoted, and it has there been uniformly held that the jurisdiction to make such orders as the one applied for in this case lies with the superior court. (See *Reilly v. Reilly*, 60 Cal. 624; *Ex parte Winter*, 70 Cal. 291, 11 Pac. 630; *Larkin v. Larkin*, 71 Cal. 330, 12 Pac. 227; *Bohnert v. Bohnert*, 91 Cal. 428, 27 Pac. 732.)

It will be seen from the authorities that the supreme court of California has denied its jurisdiction to make such orders under any circumstances, saying that "The appellate jurisdiction can be exercised without" assuming the power to make any order or issue any writ for such purpose in the "complete exercise of its appellate jurisdiction." We cannot go to this extent, and in that respect do not approve of the rule there announced. The same doctrine seems to have been maintained in Illinois, Wisconsin and Missouri. A contrary view, however, has been taken in this matter in Florida and Nevada.

Counsel for appellant seems to rely upon the authority of *Lake v. Lake*, 17 Nev. 230, 30 Pac. 878, wherein the supreme court of Nevada reviews the authorities, and under the pro-

visions of the constitution and statutes of that state holds that upon the appeal being taken, the district court loses jurisdiction and that such application may originally be made in the appellate court. That authority may be fairly said to support the position contended for by appellant, but we think the sounder and better rule is as above announced.

The motion to dismiss the petition and application of appellant is granted and the application will be dismissed. No costs awarded.

Sullivan, C. J., and Stockslager, J., concur.