(July 7, 1906.)

AGNES LORETTA DAY, Appellant, v. EUGENE RUFUS DAY, Respondent.

[86 Pac. 531.]

CHANGE OF VENUE—BIAS AND PREJUDICE OF JUDGE—CONSTITUTIONAL LAW—SELF-EXECUTING PROVISIONS OF CONSTITUTION—DISQUALIFICATION OF JUDGE—ALLOWANCE OF ATTORNEY'S FEES.

1. Under the provisions of section 18, article 1 of the constitution of Idaho, as well as by the unwritten dictates of natural justice, the courts of this state are commanded to administer justice without prejudice.

2. The provisions of said section are self-executing, and the legislature by failing to provide, by proper legislation, that the prejudice of the judge is a cause for a change of the place of trial, cannot nullify the provisions of said section and thus compel the trial of a case before a prejudiced judge.

3. Section 3900, Revised Statutes, was enacted before the adoption of our constitution, and provides three grounds for a change of venue, but does not make the prejudice of the judge one of said grounds.

4. Section 4125, Revised Statutes, provides among other grounds, that a change in the place of trial may be had when from any cause the judge is disqualified from acting and, although enacted prior to the adoption of our constitution, is broad enough in its terms to include the disqualification on the ground of prejudice of the judge; and the constitution makes prejudice a ground of disqualification.

5. Neither the constitution of California nor Montana commands the courts to administer justice without "prejudice" as does the constitution of Idaho.

6. Public confidence in our judicial system and courts of justice demands that causes be tried by unprejudiced and unbiased judges.

7. Where it appears that the defendant has means with which to pay, and his wife is without means to properly prosecute her suit for a divorce, the court will allow her suit money and counsel fees.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. Ralph T. Morgan, Judge.

Appeal from an order denying a change of venue on the ground of prejudice of the judge. *Reversed.*

F. C. Robertson, Henry P. Knight and John P. Gray, for Appellant.

The declaration of rights in our constitution is self-acting, self-executing and requires no legislative provision for its enforcement, and cannot be annulled, abridged or modified by any legislative or judicial act.

The rule formerly established by the supreme court of California produced such a great injustice in that state that

at a subsequent date the legislature enacted a statute disqualifying a judge on account of bias and prejudice. (Code Civ. Proc., sec. 170, as amended in 1897.)

In the cases which have been presented to the supreme court of California involving this question since that date, it has been held that bias and prejudice of the judge was a good ground for changing the venue of the action. (*People v. Compton,* 123 Cal. 403, 56 Pac. 44; *Morehouse v. Morehouse,* 136 Cal. 332, 68 Pac. 977.)

It is a primary idea in the administration of justice that a judge must be free from bias, prejudice and partiality. (*Stockwell v. Township Bd. of White Lake,* 22 Mich. 341.)

This court has held that a new trial may be granted in a case not provided for in the statutes where a constitutional right of the defendant has been violated. (*State v. Bland,* 9 Idaho, 796, 76 Pac. 780; *State v. Wroth,* 15 Wash. 621, 47 Pac. 106; *State ex rel. Partridge & Co. v. Superior Court,* 40 Wash. 443, 111 Am. St. Rep. 915, 82 Pac. 875, 2 L. R. A., N. S., 568.)

While it is better that facts as to the alleged prejudice should be presented, it does not appear to be absolutely necessary a mere suggestion or imputation usually being sufficient. (4' Ency. of Pl. & Pr. 408.)

C. W. Beale, W. W. Woods, John H. Wourms and W. E. Borah, for Respondent.

The framers of our constitution contented themselves with retaining in force the territorial laws, and, in addition thereto, with vesting in the legislature the power to provide by law the methods of procedure in all the courts below the supreme court. Hence, we are not to look to the constitution, but to the acts of the legislature, for authority and guidance upon the matter of the change of venue. (*Stanley v. United States,* 71 Okla. 336, 33 Pac. 1025.)

Section 18, article 1 of the constitution has nothing to do with the question of change of venue, makes no provision for

the practice governing such proceeding, does not in any manner prescribe any disqualification of a judge or anybody else, in no degree limits or enlarges the jurisdiction of the courts, but, as stated by the supreme court of Ohio, together with the other sections that make up the Bill of Declaration of Rights, amounts merely to an "enunciation of axiomatic truths and principles."

Where the grounds which will operate to disqualify a judge are expressly set out in the statutes, such provisions are exclusive, and no other causes than those set forth will work a disqualification. (*Patterson v. Police Court,* 123 Cal. 453, 56 Pac. 105; *In re Jones,* 103 Cal. 397, 37 Pac. 385; *People v. Williams,* 24 Cal. 31; *People v. Mahoney,* 18 Cal. 186; *People v. Shuler,* 28 Cal. 495; *Hibberd v. Smith,* 39 Cal. 148; *Bulwer Con. Min. Co. v. Standard Con. Min. Co.,* 83 Cal. 613, 23 Pac. 1109, 1111; *Taylor v. Williams,* 26 Tex. 585.)

The court has no authority to change the venue of civil cases except as provided by statute. (*Commercial Nat. Bank v. Davidson,* 18 Or. 57, 22 Pac. 517; *People v. McGarvey,* 56 Cal. 327; *Heath v. Mathiew,* 19 Wis. 127; *Shannon v. Smith,* 31 Mich. 450, 451; *Zelle v. McHenry,* 51 Iowa, 572, 575, 2 N. W. 264.)

Where there is a counter-showing of an equal number of affidavits to those filed by the defense to the effect that in their opinion the defendant can have a fair and impartial trial, an order of the district judge denying such application for a change of venue will not be reversed on appeal. (*State v. Rooke,* 10 Idaho, 388, 79 Pac. 82.)

The judge had the jurisdiction to decide the question of his own bias and to try the cause if he found the charge unsustained. (*Talbot v. Pirkey,* 139 Cal. 326, 73 Pac. 858; *Allen v. Reilly,* 15 Nev. 452-455; *Hungerford v. Cushing,* 2 Wis. (397), 292; *State v. Morrison,* 67 Kan. 144, 72 Pac. 554.)

SULLIVAN, J.—This action was commenced on the ninth day of December, 1905, by the appellant against the respondent, to obtain a divorce, on the ground of extreme cruelty,

and a settlement of their property rights. Thereafter the respondent answered and filed his cross-complaint, demanding a divorce from the appellant on the same ground. The appellant answered the cross-complaint, thus putting in issue the material allegations of both the complaint and cross-complaint. Thereafter the appellant made her motion for a change of the place of trial, supported by her own affidavit and the affidavits of three of her attorneys. Said application was made upon the ground that she could not have a fair and impartial trial before the presiding judge on account of his prejudice in the matter. The answer and the cross-complaint cover about eighty pages of the printed transcript; and the answer to the cross-complaint occupies about fifty-seven pages of the transcript; and the charges, crimination and recrimination contained in said cross-complaint and answer thereto show, indeed, a most deplorable state of affairs. In the cross-complaint, among many other things, the attorneys for respondent are charged with entering into a conspiracy for the purpose of extorting money from the respondent; and in the answer to the cross-complaint one of the attorneys for the respondent, and various other persons and detectives and persons of low character, are charged with entering into a conspiracy for the purpose of blackmailing appellant's reputation, depriving her of her rights and defrauding her of her property.

The application for the change in the place of trial was based upon the pleadings and the affidavits of appellant and her counsel, and the latter show the bias and prejudice of the presiding judge. In reply to said application the respondent filed some sixty-five affidavits, in number, of citizens of Shoshone county, showing the high regard in which they held the presiding judge, and swearing that, in their opinion, he was not biased and prejudiced in the case. Before the hearing on said motion, counsel for appellant moved to strike out fifty-five of said affidavits for the reason that they were incompetent, irrelevant and immaterial, and filed only for the purpose of encumbering the record and not answering

any of the charges set forth in the application for the change of venue. Said motion was denied. Thereafter, on the hearing counsel for the appellant offered to read the affidavits in support of the motion for a change of venue to the court, and insisted on the right to argue said motion in the presentation of said application, which offer was denied by the court. Counsel for appellant thereupon tendered to the court for cross-examination the persons who had made the affidavits for the appellant, upon the application for change of venue, and the court refused to permit such cross-examination. Said motion was thereafter taken under advisement and a written opinion was filed by the judge denying the same. The principal ground upon which the court based its opinion is that the prejudice of a judge is not a cause, under our statute, for change of venue. He also in his written opinion states that he could give plaintiff and her counsel a fair and impartial hearing in the case. The several errors specified are substantially as follows:

(1) Error in refusing to strike out the fifty-five affidavits.

(2) In refusing to permit counsel for appellant on the hearing to read the affidavits in support of the application for change of the place of trial.

(3) Refusing counsel the right to argue such application.

(4) Refusal to receive other evidence aside from the affidavits.

(5) Denying plaintiff's application for change of place of trial.

(6) Injecting into the record, under the guise of an opinion, a statement pretending to be the statement of facts, and attempting to discredit the attorneys of the appellant.

(7) In considering, or pretending to consider, matters of personal knowledge not supported by affidavit or any evidence in passing upon said motion.

It is contended by counsel for appellant that under the provisions of section 18, article 1 of the constitution of Idaho, "the people have prohibited a court from trying a case in which he is prejudiced by or for either party." Said section

is as follows: "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay or prejudice." They also cite paragraph 40 of the Magna Charta, which reads: "To none will we sell; to none will we deny or delay right or justice." They contend through that constitutional provision that the people have declared that justice shall be administered not only without sale, without denial and without delay, but also without prejudice, and contend that the legislative power to pass laws regulating the change of venue is limited by constitutional provisions respecting the subject. (4 Ency. of Pl. & Pr. 377.) It is contended that said section of the constitution is self-acting, self-executing, and requires no legislative provision for its enforcement, and cannot be abridged or modified by any legislative or judicial act. There is no question but what said provision is self-operating, and it is regarded as settled in this country that all negative or prohibitive clauses in a constitution are self-executing. (*Law v. People*, 87 Ill. 385; *Davis v. Burk*, 179 U. S. 399, 45 L. ed. 249, 21 Sup. Ct. Rep. 210; Cooley's Constitutional Law, p. 98; *Willis v. Mabon St. P. S. C.*, 48 Minn. 140, 31 Am. St. Rep. 626, 50 N. W. 1110, 16 L. R. A. 281; *State v. Kyle*, 166 Mo. 287, 65 S. W. 767, 56 L. R. A. 115.) The legislature, neither by neglect to act nor by legislation, can nullify a mandatory provision of the constitution.

Section 3900, Revised Statutes of 1887, which was adopted prior to the adoption of the constitution of this state, is as follows: "A judge cannot act as such in any of the following cases: 1. In an action or proceeding to which he is a party, or in which he is interested; 2. When he is related to either party by consanguinity or affinity within the third degree, computed according to the rules of law; 3. When he has been attorney or counsel for either party in the action or proceeding. But this section does not apply to the arrangement of the calendar or the regulation of the order of business, nor to the power of transferring the cause to another county." That

section provides that a judge cannot act in either of the three cases enumerated therein; and it is contended by counsel for respondent that he may act in all other cases regardless of his bias or prejudice. Section 4125 of the Code of Civil Procedure provides: "The court may on motion change the place of trial. . . . . (4) When from any cause the judge is disqualified from acting." Said section 18 of article 1 of the constitution provides that right and justice shall be administered without sale, denial, delay or prejudice. The courts administer justice in this state, and if it appears that the judge has prejudice against either of the parties, it was not supposed that he could administer justice. Under the provisions of said section 4125 of the Code of Civil Procedure, the judge may, on motion, change the place of trial when from any cause he is disqualified from acting, and said provision of the constitution disqualifies a judge from acting when he is prejudiced in the case. For it cannot be maintained that a judge who is biased or prejudiced in a case on trial before him can administer justice without prejudice. Disregarding said provisions of the constitution, the ordinary principles of right and justice prohibit or disqualify a judge from trying a case in which he is prejudiced for or against either of the parties to the suit. This provision of the constitution cannot be brushed aside by saying that it is a mere maxim of the law and means nothing. For the principle therein expressed is one of the foundation-stones of our judicial system and jurisprudence, and could not be removed without shattering the entire system.

The trial court took the position that the prejudice of a judge was no ground under our statute for a change in the place of trial, and cites in support of that position, *McAulay v. Weller,* 12 Cal. 500, *People v. Mahoney,* 18 Cal. 186, *People v. Williams,* 24 Cal. 31, *People v. Shuler,* 28 Cal. 490, *Hibberd v. Smith,* 39 Cal. 148, *Bulwer Co. Min. Co. v. Standard Con. Min. Co.,* 83 Cal. 613, 23 Pac. 1109, and other cases. The most of said cases were jury cases, and the court had no duty to perform except to pass upon questions of law and not

upon the evidence.   Those decisions were based on the ground that the statute of California did not authorize a change of place of trial because of the prejudice of the judge.   It evidently became so apparent that the bias and prejudice of a judge was such a potent factor in the trial of a cause, resulting in throwing discredit on the courts and bringing them into disrepute, that the legislature made bias and prejudice of the judge a cause for a change of venue.   (See sec. 170 as amended in 1897.)

It has been suggested in some of said cases that the errors of the judge, if he be moved by prejudice, may be corrected on appeal.   While many of his errors might be so corrected, there are certain presumptions in favor of his rulings, and he can make orders which cannot be disturbed unless there has been a gross abuse of discretion.

In *McAulay v. Weller, supra,* Chief Justice Terry said: "The exhibition by a judge of partisan feeling or the unnecessary expression of an opinion upon the justice or merits of the controversy, though exceedingly indecorous, improper and reprehensible as calculated to throw suspicion upon the judgments of the court and bring the administration of justice into contempt, are not under our statute sufficient to authorize a change of venue on the ground that the judge is disqualified from sitting."   It was, therefore, recognized by the courts of California and the people that justice demanded a statute authorizing a change of venue on the ground of the bias or prejudice of the judge, and a statute was finally enacted.   The framers of our constitution no doubt recognized the potent power and injustice of bias and prejudice in judicial proceedings, and declared in said section 18, article 1, that justice in this state must be "administered without sale, denial, delay or prejudice."   Since the adoption of said amendment the cases of *People v. Compton,* 123 Cal. 403, 56 Pac. 44, and *Morehouse v. Morehouse,* 36 Cal. 332, 68 Pac. 677, involving the question at bar, have been decided by the supreme court of California, and there held that the bias

and prejudice of the judge was a good ground for changing the place of trial.

The constitution of California has no provision like section 18, article 1 of the constitution of Idaho, and does not declare that justice shall be administered without prejudice. and the supreme court of that state held that the legislature had the power to prescribe the grounds on which a change in the place of trial could be had, and that courts were limited to the grounds specified in the statute.

The judge in determining the matter before us relied to some extent on the case of *In re Davis' Estate,* 11 Mont. 1, 27 Pac. 346. The supreme court of Montana based that opinion on the fact that the statute of that state did not specifically provide for a change of venue on the ground of bias and prejudice of the judge. In that opinion are cited decisions from California and other states, and it refers to the reason for the rule as stated in some of those decisions, and pronounces them unsound, and concurs with Hayne on New Trial and Appeal, section 32, where the author says: "The true reason of the rule in *McAulay v. Weller,* that bias does not disqualify a judge, is that such ground is not specified in the statute as a ground of disqualification." That is the identical ground on which the California and Montana decisions are based. It must be remembered that the rule of strict construction prevailed in California at the time of the decision of *McAulay v. Weller, People v. Mahoney, People v. Williams,* and *People v. Shuler, supra;* and it must be remembered that the constitution of California has no provisions corresponding to the provisions of section 18, article 1 of the constitution of Idaho.

In Montana, after the decision of *In re Davis' Estate, supra,* the necessity of a change of venue by reason of the bias or prejudice of the judge for a fair administration of justice became very urgent, and the legislature relieved the situation by enacting a law making the bias and prejudice of the judge a ground for a change of venue. The holding of the

Montana court that the bias or prejudice of the judge was no ground for a change of venue, moved the supreme court of that state in the noted case of *Finlen v. Heinze,* 28 Mont. 548, 73 Pac. 123, to use the following just and strong language: "No judgment of a court of justice so tainted with corruption as the record leaves this should stand, and its cancellation in this instance will be the evidence of the determination of this court to pursue to the utmost its constitutional and lawful authority, to the end that public confidence in our judicial system may not be lessened and that the fountain of justice may be kept pure." The framers of our constitution guarded with special care our judiciary and tried to place it above suspicion of unfairness, passion or prejudice, so that the public confidence in it would not be shaken, and provided that justice should be administered without prejudice. In many of the cases cited the courts have clearly indicated a regret that bias and prejudice of a judge was not made a statutory ground for a change in the place of trial, and disapproved in strong language that a judge swayed by personal bias and prejudice was powerless to injure his foe or render aid to his friend, simply because if he made an error it could be corrected on appeal. In *Re Davis' Estate, supra,* the court said: "We disaprove every suggestion and claim that a judge who is swayed by personal bias and prejudice is powerless to injure his foes or render aid to his friends because his errors can be corrected on an appeal to a superior tribunal. There are presumptions in favor of his rulings which cannot be ignored, and he can make orders which cannot be disturbed unless there has been a gross abuse of his discretion." And quotes in that decision from *Williams v. Robinson,* 6 Cush. (Mass.) 333, as follows: "Conscious bias or prejudice in favor of one of the parties or against the other, caused by hearing an *ex parte* statement of the facts of the case, is an inability or disability to try the case within the just meaning of the statutes. . . . . It was not necessary that the statutes should enumerate all the disqualifications of the standing justice. The rules of the com-

mon law and the principles of natural justice are to be applied in the construction of these statutes.''

In the light of the judicial history of California and Montana in holding that the bias and prejudice of a judge was no ground for a change of venue, it is now recognized by those states that it ought to have been a ground, that it is a matter conducive to a just and proper administration of justice. The constitution of Montana, section 6, article 3, is as follows: ''The courts of justice shall be open to every person and a speedy remedy offered for any injury of person, property or character; and that right and justice shall be administered without sale, denial or delay.'' The main difference between that section and section 18, article 1 of the constitution of Idaho, is that in the latter we find the word ''prejudice'' after the word ''delay,'' and provides that justice shall be administered without sale, denial, delay or prejudice, that being a clear distinction and difference between the two constitutions. It is a primary idea in the administration of justice that a judge must not decide judicial matters from bias, prejudice and partiality, and our constitution clearly prohibits a judge who has bias or prejudice in a case from trying it. The aim and object of the framers of the constitution was to preserve judicial tribunals from discredit, and the supreme court of Montana, referring to this matter in *Stockwell v. Township Board of White Lake,* 22 Mich. 341, said: ''The court ought not to be astute to discover refined and subtle distinctions to save a case from the operation of the maxim, when the principle it embodies bespeaks the propriety of its application. The immediate rights of the litigants are not the only objects of the rule. A sound public policy which is interested in preserving every tribunal appointed by law from discredit, imperiously demands its observance.'' Can it be contended in the face of the command of said provision of our constitution that the legislature could legally declare that the bias and prejudice of a judge should be no cause for a change of venue? I think not. And if, in the face of that provision, the legis-

lature neglects to specify in a statute that the prejudice of the judge is a ground for a change of the place of trial, then the very object and purpose of that provision of the constitution may be nullified and set at naught. Regardless of the statutory provision, where such a state of facts appear, as in the case at bar, and a change of place of trial is demanded because of the prejudice of a judge, a change of venue, or at least a change of judges, should be granted to preserve from discredit the judiciary of the state. No technical refinement of argument can convince the people that a prejudiced judge can fairly try a case between his friend and his foe. Such a thing might occur, but the general public would not look upon such a trial as an administration of justice without prejudice. The statute provides the manner. the procedure by which a change of venue may be had, and the procedure there provided is a proper procedure in a case where the application is made on the ground of the prejudice of the judge.

It will be useless for us to pursue this matter further, as under the constitution and laws of this state a judge who cannot administer justice in a case without prejudice must not try the same.

It is contended that the affidavits on the part of the appellant do not show bias and prejudice, and that if so, they have been fully met by other affidavits showing the high and honorable character of the trial judge. It must be conceded that judges are susceptible to bias and prejudice the same as other men, and we think the record shows such a state of affairs or condition, that it would bring discredit upon the judiciary to permit a trial before the present judge, and therefore conclude that another judge must be called to try the case, as may be done under the provisions of section 12. article 5 of the constitution of Idaho. It will no doubt be less expensive to both parties to try the case in Shoshone county.

The order denying a change of venue is reversed and the cause remanded, with instruction to the trial judge to grant

a change of place of trial or call in some other district judge
to try the case, as the main purpose of this application was to
secure another judge to try the case.  Costs are awarded to
appellant.

Application for an allowance of $1,500 counsel fees with
which to pay appellant's attorneys on this appeal has been
made by her, and on the hearing of this case time was given
to counsel for the respondent to show to this court that ap-
pellant was able and had means with which to pay her coun-
sel.  In pursuance thereof a number of affidavits have been
filed in the matter.  They and the record show that the re-
spondent is a wealthy man, worth several hundred thousand
dollars, and it is not shown anywhere that the appellant has
any means whatever with which to pay her counsel.  The
main defense to such allowance is that the appellant has made
arrangements with her counsel for a contingent fee to be re-
covered in event of her success in her suit for divorce, and
for that reason appellant does not need any allowance to
enable her to prosecute her action, which is denied on behalf
of appellant.  The record shows that the respondent has em-
ployed a detective, or detectives, and is expending large sums
of money in defending the suit and prosecuting his cross-
complaint; and where, as in this case, the marriage is ad-
mitted by both parties, and the wife is shown to be without
means to prosecute or defend her case, it is the duty of the
court to make her a reasonable allowance under all the facts
and circumstances of the case.  And this should be done re-
gardless and without consideration of the merits.  (Am. &
Eng. Ency. of Law, 100.)

It was held in *Read v. Read,* 28 Utah, 297, 78 Pac. 675,
that ultimate and absolute necessity is not the basis upon
which courts proceed in granting alimony.  Equity and good
conscience constitute the basis of such orders.

The respondent states in his affidavit "that it is not nec-
essary for this court to require him to pay any attorneys'
fees to the attorneys for the said plaintiff to keep them ac-
tively engaged in the prosecution of the above-entitled suit,

or that the plaintiff is in need of any funds from this affiant to keep her said attorneys actively engaged in her interests.'' He nowhere says or shows that she has ample funds with which to pay her attorneys.

Counsel for respondent cites and relies upon *Sharon v. Sharon,* 84 Cal. 424, 23 Pac. 1100. In that case the marriage was denied, and it was finally decided therein that no marriage did in fact exist. That case is not in point here, as both parties to this action admit the marriage.

It is therefore ordered that respondent pay to the clerk of the district court of Shoshone county $1,500 attorneys' fees on this appeal, within five days from the date of the service of this order, or a copy thereof, on the defendant or his attorneys of record, which sum the clerk shall pay over to her said attorneys of record for her use and benefit, and take their proper receipts therefor.

Ailshie, J., concurs.

STOCKSLAGER, C. J., Concurring in Part and Dissenting in Part.—I cannot concur in the conclusion reached by my associates that the order refusing to grant a change of venue should be reversed. In my view of the case the constitution and statute furnish ample protection to the litigant who believes he cannot have a fair and impartial trial by reason of the bias and prejudice of the presiding judge. It seems useless to say that the whole theory of the law is that no judge or juror should be permitted to sit in judgment wherein he may entertain bias or prejudice against any litigant, either civil or criminal; and it would indeed be an unusual condition if the litigant was without a remedy in the trial courts where it is shown that by reason of the bias and prejudice of the presiding judge he could not have a fair and impartial trial. This theory of the law has been handed down to us from our earliest law-writers, and is founded on the principle that all are equal before the law. I think the framers of our constitution solved the problem

that had led to much expensive and unsatisfactory litigation
growing out of the question of a change of venue based on
the bias or prejudice of the judge by the enactment of sec-
tion 12, article 5 of our constitution. It reads: "Every judge
of the district shall reside in the district for which he is
elected. A judge of any district court may hold a district
court in any county at the request of the judge of the district
court thereof, and upon the request of the governor, it shall
be his duty to do so; but a cause in the district court may
be tried by a judge *pro tempore,* who must be a member of the
bar, agreed upon in writing by the parties litigant, or their at-
torneys of record, and sworn to try the cause." It will be
observed by this wise provision of our constitution that lit-
igants are provided with two remedies to avoid the expense
and delay of changing the venue on account of the bias and
prejudice of the presiding judge. It is well known to all
lawyers and to litigants who have had the experience of fol-
lowing a case from one county to another for trial that such
changes are fraught with many difficulties, and carry with
them a large bill of expense that can be avoided by a trial
in the county where the parties litigant and their witnesses
usually reside. I think it was to overcome this difficulty and
expense that prompted the enactment of the above provision
of our constitution. It has been the usual practice of our
district courts since the adoption of our constitution to fol-
low section 12, article 5, where it was apparent that the pre-
siding judge was for any reason disqualified to preside at
the hearing of any term or trial. It is not enough to say
that the judge might decline to call another district judge,
in case an effort were made to disqualify him; the provision
is that, upon the request of the governor, it is the duty of
any district judge to hold a term of court in another district
in the state, and if the disqualified judge, or the judge called
upon by the governor, declines to obey the provisions of the
constitution, I am satisfied that upon a proper showing this
court would make the necessary order for the enforcement of
the request or order of the governor.

It is shown in this case that the application was for a change of venue and not a request for the presiding judge to call in another district judge of the state to hold a term for him, nor a request for the selection of some member of the bar possessing the necessary qualifications to try and determine the case, either of which, under the provisions of section 12, article 5 of the constitution could have been done. For the reason that no such request or application was made, I think the order of the lower court refusing to change the venue should be sustained.

In my view it is unnecessary for me to pass upon the merits of the application. If it were one to call in another judge *pro tempore,* it would present a different situation. I should think the learned trial judge would hesitate to try a case of the importance and magnitude of the one at bar, where the plaintiff and all of her attorneys file affidavits stating that owing to his bias and prejudice a fair trial could not be had in his court, even though in his own mind and heart he is satisfied that such charge is without foundation in fact.