(December 31, 1917.)

ROSA B. DONALDSON, Respondent, v. JOHN W. DONALDSON, Appellant.

[170 Pac. 94.]

DIVORCE—EXTREME CRUELTY—CORROBORATING EVIDENCE—FINDINGS OF FACT—CHILDREN, DISPOSITION OF—PROPERTY, DISPOSITION OF—ATTORNEY'S FEES.

1. Findings of fact should be liberally construed in support of the judgment.

2. In an action for divorce, the particular acts of cruelty complained of are not of themselves the determining factor, but the question as to whether the acts of cruelty cause grievous mental suffering on the part of the innocent party is the determining question under the statute.

3. In the absence of objection made in the trial court that the facts are insufficient, in the construction of findings to support the

judgment the court will consider as found every reasonable inference of fact which may be drawn from the facts found.

4. No definite rule as to the degree of corroboration required in an action for divorce can be laid down, but each case must be decided according to its own facts and circumstances.

5. In an action for divorce, all facts shown by the evidence, independently of the statements, admissions or testimony of the parties, which tend to show the treatment, conduct and attitude of the party complained of toward the other party to the marriage, are properly considered by the trial court, and it is to determine whether such facts and circumstances corroborate the testimony of the plaintiff in the action.

6. The question as to the disposition of children and allowance of alimony in divorce actions is in the first instance committed to the discretion of the court, and unless such discretion is abused, the judgment will not be disturbed.

7. The matter of the disposition of community property, where a divorce is granted upon the grounds of extreme cruelty, is a matter in the first instance committed to the discretion of the trial court, and unless such discretion is abused the judgment will not be disturbed.

8. The right of the trial court to allow attorney's fees is derived from the statute, but by the terms of the statute can only be put into operation when it is necessary to enable the wife to prosecute or defend the action.

9. The allowance of attorney's fees looks to the future and not to the past.

[As to cruelty as ground for divorce, see notes in 29 Am. Dec. 674; 73 Am. Dec. 619; 40 Am. Rep. 463; 51 Am. Rep. 736; 65 Am. St. 69.]

APPEAL from the District Court of the Second Judicial District, for Lewis County. Hon. Edgar C. Steele, Judge.

Action for divorce. Judgment for plaintiff. *Modified.*

Allen A. Holsclaw and Geo. W. Tannahill, for Appellant.

The evidence in this action does not show sufficient grounds to warrant the court in granting the respondent a divorce. (See Divorce, Cent. Dig., sec. 64; *Barker v. Barker*, 25 Okl. 48, 105 Pac. 347, 26 L. R. A., N. S., 909.)

The evidence on the material points fails of corroboration, and the court should not have granted the divorce or awarded the care and custody of the minor children to the respondent. (Sec. 2661, Rev. Codes; *Strode v. Strode*, 6 Ida. 67, 96 Am. St. 249, 52 Pac. 161; *Rowe v. Rowe*, 84 Kan. 696, 115 Pac. 553.)

Perry W. Mitchell and S. O. Tannahill, for Respondent.

The supreme court will not disturb a finding of the trial court that particular acts constitute grievous mental suffering, unless the evidence in support of such finding is so slight as to indicate a want of ordinary good judgment and an abuse of discretion on the part of the trial court. (*Little v. Little*, 29 Ida. 292, 158 Pac. 559; *Abbott v. Reedy*, 9 Ida. 577, 75 Pac. 764; *Small v. Harrington*, 10 Ida. 499, 79 Pac. 461; *Heckman v. Espey*, 12 Ida. 755, 88 Pac. 80; *Hufton v. Hufton*, 25 Ida. 96, 136 Pac. 605; *Bower v. Moorman*, 27 Ida. 162, 147 Pac. 496; *Blair v. Blair*, 122 Cal. 57, 54 Pac. 369; *Fleming v. Fleming,* 95 Cal. 430, 29 Am. St. 124, 30 Pac. 566.)

"A decree granting or refusing a divorce on evidence which is conflicting will not be disturbed." (14 Cyc. 735; *Edwards v. Edwards*, 80 Ala. 97; *Blair v. Blair*, 122 Cal. 57, 54 Pac. 369; *Fuller v. Fuller*, 17 Cal. 605; *Johnson v. Johnson*, 22 Colo. 20, 55 Am. St. 113, 43 Pac. 130.)

RICE, J.—The respondent, Rosa B. Donaldson, brought this suit to obtain a decree of divorce from appellant upon the ground of extreme cruelty causing grievous mental suffering. A judgment was entered in favor of respondent. The appeal is from the judgment.

Extreme cruelty is defined by sec. 2649, Rev. Codes, as "the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage." In 9 R. C. L., p. 335, it is said: "It is well recognized that no exact inclusive and exclusive definition of legal cruelty can be given, and the courts have not attempted to do so but generally content themselves with determining whether the facts

in the particular case in question constitute cruelty or not. Especially, according to the modern view, is the question whether the defending spouse has been guilty of legal cruelty a pure question of fact to be resolved upon all the circumstances of the case.''

In the case of *De Cloedt v. De Cloedt,* 24 Ida. 277, 133 Pac. 664, the court said: ''Extreme cruelty is a term of relative meaning, and a course of conduct that would inflict grievous mental suffering upon one person might not have that effect upon another. Hence no fixed legal rule for determining its existence in any given case can be laid down. The judge who tries the case and has the parties before him for observation in the light of the evidence is the one to whom the law commits the determination of this question in the first instance, and this court will not disturb a finding that particular acts constitute grievous mental suffering, unless the evidence in support of the finding is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court.''

See, also, *Barnes v. Barnes,* 95 Cal. 171, 30 Pac. 298, 16 L. R. A. 660, and *Fleming v. Fleming,* 95 Cal. 430, 29 Am. St. 124, 30 Pac. 566.

The finding of the trial court is as follows: ''That since said marriage defendant has treated plaintiff in a cruel and inhuman manner, has cursed her and otherwise abused her, and has on divers occasions called plaintiff vile and profane names, and has threatened plaintiff with great bodily harm. That on or about the 1st day of February, 1915, the defendant cursed and swore at plaintiff, called her vile names and applied to her vile epithets. That the defendant has on other occasions been guilty of cruel treatment toward the plaintiff as set out in paragraphs 3 and 4 of the plaintiff's complaint.''

The appellant does not specify as error that the court did not find that the misconduct of appellant inflicted grievous mental suffering upon respondent. Nevertheless, in actions of this nature we feel called upon to consider the sufficiency of the finding to support the judgment.

In the case of *Fouch v. Bates,* 18 Ida. 374, 110 Pac. 265, it is said to be a well-established rule that a finding should be liberally construed in support of the judgment. If extreme cruelty is a relative term, as held in the cases of *De Cloedt v. De Cloedt, supra,* and *Fleming v. Fleming, supra,* and indeed as is the general consensus of judicial opinion, the facts found by the judge in this case might or might not result in grievous mental suffering to the injured spouse. The particular acts of cruelty complained of are not of themselves the determining factor, but the question as to whether the acts of cruelty caused grievous mental suffering on the part of the innocent party is the determining question under the statute. In the head-notes to the case of *Mosher v. Mosher,* 16 N. D. 269, 125 Am. St. 654, 113 N. W. 99, 12 L. R. A., N. S., 820, it is said: "A continuous course of fault-finding, threats, and other acts, intended to aggravate and annoy the other party to a marriage, though each act is trifling in itself, may cause such a degree of mental suffering as to constitute a ground for divorce on the charge of extreme cruelty."

In the absence of objection made in the trial court that the findings are insufficient, in the construction of findings to support the judgment the court will consider as found every reasonable inference of fact which may be drawn from the facts found. Thus, in the case of *Kelly v. Kelly,* 18 Nev. 49, 51 Am. Rep. 732, 1 Pac. 194, the appeal was taken from the judgment-roll alone, and there was neither findings of the court nor any statement of the evidence before the supreme court. The complaint averred that "by reason of the acts of the defendant herein before set forth, the life of the plaintiff has been rendered unendurable and miserable, so that he has been forced to cease cohabiting and living with defendant." There was no averment that he was in danger of life or limb, or health, or in the reasonable apprehension of such danger. But the court said: "If the conduct of which the defendant confesses to have been guilty, and which she admits drove the plaintiff from his home, could have re-

sulted in injury to health, then the judgment must be allowed to stand."

In order to support the judgment the inference may be drawn fairly from the findings that the acts found by the trial court to have been committed by the appellant caused the respondent to undergo grievous mental suffering.

It is contended that the plaintiff's testimony is not corroborated to a sufficient degree to justify the granting of the decree. Rev. Codes, sec. 2661, provides that "no divorce can be granted upon the uncorroborated statement, admission or testimony of the parties." This court had that section of the statute under consideration in the cases of *Bell v. Bell*, 15 Ida. 9, 96 Pac. 196, and *De Cloedt v. De Cloedt, supra,* and held in those cases that no definite rule as to the degree of corroboration required could be laid down, and that each case must be decided according to its own facts and circumstances. Where the ground urged for divorce is extreme cruelty, very frequently it would be impossible to obtain corroborative evidence of the specific acts of cruelty complained of. All facts shown by the evidence, independently of the statements, admissions or testimony of the parties, which tend to show the treatment, conduct and attitude of the party complained of toward the other party to the marriage, are properly considered by the trial court, and it is to determine whether such facts and circumstances corroborate the testimony of the plaintiff in the action. Viewed in this light, we think the record contains sufficient testimony, outside the statements, admissions or testimony of the parties, from which the trial judge would be justified in concluding that the testimony of the respondent was corroborated. (*Blanchard v. Blanchard,* 10 Cal. App. 203, 101 Pac. 536; *Briggs v. Briggs,* 20 Mich. 34.)

The appellant assigns as error the action of the court in awarding the custody of George M. Donaldson, one of the minor children, to the respondent, and in awarding her $40 per month for his support until he shall have obtained his majority. The question as to the disposition of the children and allowance of alimony in divorce actions is in the first

instance committed to the discretion of the trial court. In this case it does not appear that such discretion has been abused, and that part of the judgment will not be disturbed.

Appellant also assigns as error the action of the trial court as to the division of the property. Rev. Codes, sec. 2670, subd. 1, reads: "If the decree be rendered on the ground of adultery or extreme cruelty, the community property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, deems just."

We are satisfied from an examination of the record that the court did not decree to the wife any of the separate property of the husband. The matter of the disposition of community property, where a divorce is granted upon the ground of extreme cruelty, is a matter in the first instance committed to the discretion of the trial court. The court's action in this respect is subject to review, but the division of the property in this case appears to be equitable and the court's action in that regard should not be disturbed.

The court awarded a judgment to respondent against appellant in the sum of $480, such judgment being rendered for the purpose of covering the amount of a mortgage in favor of the Holland Bank upon real property which had been decreed to the respondent. It does not clearly appear whether or not the appellant is personally liable upon the note secured by this mortgage, but it would be better practice to permit appellant to satisfy the mortgage himself rather than to pay the money to the respondent for that purpose. The judgment should contain a provision requiring the respondent to satisfy her judgment, as to this item, upon the satisfaction of the mortgage by the appellant.

The action of the trial court in awarding attorney's fees to the respondent in the final judgment is also assigned as error. That portion of the judgment reads as follows: "It is further ordered, adjudged and decreed that the plaintiff shall have judgment against the defendant for the sum of $150 as additional attorney's fees for plaintiff's attorneys, said sum of $150 to be paid to the clerk of the above-entitled

court on or before March 1, 1916, and by the said clerk to be paid to plaintiff's attorneys upon their giving a receipt in full therefor.''

Rev. Codes, sec. 2662, provides: ''While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action.''

The right of the court to allow attorney's fees is derived from the statute, and by the terms of the statute can only be put into operation when it is necessary to enable the wife to prosecute or defend the action. The allowance of attorney's fees looks to the future and not to the past.

In the case of *Bordeaux v. Bordeaux,* 29 Mont. 478, 75 Pac. 359, it is said: ''It is well settled that the court below has no power, after trial and judgment in the case, to compel the husband to provide the wife with money to pay for past services of attorneys, or for expenses incurred in the trial of the case; that the necessity mentioned in the statute refers to prosecuting and defending the action in the future. Therefore, after the case has been tried, and the judgment has been entered, no such necessity can exist.''

See, also, *McCarthy v. McCarthy,* 137 N. Y. 500, 33 N. E. 550; *Beadleston v. Beadleston,* 103 N. Y. 402, 8 N. E. 735; *Poillon v. Poillon,* 75 App. Div. 536, 78 N. Y. Supp. 323; *Loveren v. Loveren,* 100 Cal. 493, 35 Pac. 87; *Pedreria v. Pedreria,* 32 Cal. App. 711, 164 Pac. 30.

Prior to the trial the respondent made formal application to the trial court for temporary alimony, attorney's fees and suit money, and the court, after a hearing, entered an order requiring certain sums to be paid therefor. It does not appear that any further or additional application for attorney's fees was made. If such application had been made and the court had postponed action thereon pending a hearing of the case, it might be said that respondent was enabled to secure counsel to assist her in prosecuting her action upon the strength of the pending application. In that event we have no doubt the court would be authorized to make an

order at the time of entry of the judgment for the allowance of such attorney's fees as it should find to be just. But where, as in this case, there is no application pending, and the wife has prosecuted her action to a judgment, it cannot be said that the allowance is made to enable her to prosecute or defend the action, but the allowance is clearly for services already rendered. We do not think the court under the statute had power to make the order complained of.

From an examination of the records in the cases of *Roby v. Roby*, 9 Ida. 371, 3 Ann. Cas. 50, 74 Pac. 957, *Day v. Day*, 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531, and *Spofford v. Spofford*, 18 Ida. 115, 108 Pac. 1054, it appears that in each case an application for attorney's fees was pending during the consideration of the case by this court.

The decree of the trial court should be modified so as to require respondent to satisfy the personal judgment with respect to the item of $480 in case the appellant shall satisfy the mortgage to the Holland Bank upon its maturity, and by striking out the paragraph allowing $150 attorney's fees, and as so modified the judgment of the trial court is affirmed. Costs awarded to the respondent.

Morgan, J., concurs.

BUDGE, C. J., Concurring in Part and Dissenting in Part.—I am in accord with the views expressed in the majority opinion except as to the holding touching the matter of attorney's fees, but in that portion of the opinion I am unable to concur.

This court has heretofore adhered to the view that attorney fees may be properly allowed in a divorce suit and has actually awarded such fees in cases where the services of the attorney had been rendered prior to the order awarding such fees. (*Roby v. Roby*, 9 Ida. 371, 3 Ann. Cas. 50, 74 Pac. 957; *Day v. Day*, 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531.) The supreme court of Oregon in a well-considered case has announced the following rule: "When, in a divorce case, the wife has incurred liabilities for attorney's fees, and

other expenses of the suit, the trial court may, after such expenses have been incurred, by order, compel the husband to advance the money to pay them, in a proper case. . . . . (*Schulz v. Schulz,* 128 Wis. 28, 107 N. W. 302; *Courtney* v. *Courtney,* 4 Ind. App. 221, 30 N. E. 914; *Woodward v. Woodward,* 84 Mo. App. 328; *Lamy v. Catron,* 5 N. M. 373, 23 Pac. 777; *Waters v. Waters,* 49 Mo. 385; *Jones v. Jones,* 111 Ill. App. 396; *Thorndike v. Thorndike,* 1 Wash. Ter. 175.)

"There are cases holding the reverse of the above proposition, but we think that the rule stated *supra* is the better one. A wife, sued for divorce, may employ counsel to attend to the case for her, and, at any time before the final decree in the case is granted, the court may, in its discretion, require the husband to pay for the services so rendered, *although the order requiring such payment be granted after the services of counsel have been rendered.*" (Italics mine.) (*Taylor v. Taylor,* 70 Or. 510, 134 Pac. 1183, 140 Pac. 999–1003. See, also, *Lake v. Lake,* 17 Nev. 230, 30 Pac. 878.)

There is nothing in the language of our statute which requires a different holding. It provides, Rev. Codes, sec. 2662: "*While an action for divorce is pending, the court may, in its discretion, require the husband to pay* as alimony *any money necessary to enable the wife to* support herself or her children, or to *prosecute or defend the action.*" (Italics mine.)

It is apparent from the language here used that the awarding of attorney fees in such cases is given into the discretion of the trial court and that that court may at any time while the action is pending require the husband to pay for such services as may be necessary to enable her to prosecute or defend the action. The trial court is certainly in a position to know whether or not the wife has need of such services and whether or not the circumstances are such that the husband ought to be required to pay for them, but it does not follow that he could ultimately and equitably determine the entire amount of such fees until all of the services had been performed and the case was ready to be disposed of.

I desire particularly to dissent from that portion of the majority opinion reading as follows:

"It does not appear that any other or additional application for attorney's fees was made. If such application had been made and the court had postponed action thereon pending a hearing of the cause, it might be said that respondent was enabled to secure counsel to assist her in prosecuting her action upon the strength of the pending application. In that event we have no doubt the court would be authorized to make an order at the time of entry of the judgment for the allowance of such attorney's fees as he should find to be just. But where, as in this case, there is no application pending, and the wife has prosecuted her action to a judgment, it cannot be said that the allowance is made to enable her to prosecute or defend the action, but the allowance is clearly for services already rendered."

In my opinion a sufficient answer to the view just quoted is to be found in the respondent's complaint which was the first instrument filed in the action. Therein it is alleged, paragraph 8: "Plaintiff alleges that she is in indigent circumstances, and wholly dependent upon her own labor, and her friends and relatives for her support, that she is in ill health, and unable to earn her own livelihood and is dependent upon the charity of her friends for support." And in the prayer respondent demands, paragraph 3: "That the defendant be required to pay a reasonable sum into court to defray the expense of this suit and for counsel fees, and that he pay the plaintiff such further sum for alimony as to the court may seem just for her support during the pendency of this action."

This is certainly an application to the court for such attorney fees as may be needed to properly prosecute the action, and in my opinion no other form of application is required under the statute, and the mere fact that the respondent made an additional application and received a temporary award before the cause was tried does not alter the situation nor deprive the trial court of the discretion which the statute has expressly given it to make such an award upon the

whole case and in the final decree as it may appear to be just and reasonable under all of the attendant circumstances. I am of the opinion, therefore, that the judgment in this respect should not be modified, as there is no contention and nothing in the record to make it appear that the amount awarded was unjust or unreasonable or an abuse of the court's discretion under all the facts and circumstances disclosed.