[No. 16414. Department One. August 29, 1921.]

## HATTIE MARIA GLASS, *Appellant*, v. WILLIAM HENRY GLASS, *Respondent*.[1]

DIVORCE (80)—DIVISION OF PROPERTY—AWARD—EVIDENCE—SUFFICIENCY. In an action for divorce by a wife, in which she was awarded from the husband's separate property $15,000 in cash and real property valued at $5,000, she cannot complain of the inadequacy of the award, where the evidence shows that, at the time of marriage, the husband was seventy-seven years of age, that she had no property of her own, that she married him on account of his wealth, and instituted her action for separation in something over two and one-half years after marriage.

Appeal by plaintiff from a judgment of the superior court for King county, Smith, J., entered January 15, 1921, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

*Trefethen & Findley,* for appellant.

*E. H. Guie,* for respondent.

PER CURIAM.—The appellant, Hattie Maria Glass, and the respondent, William Henry Glass, intermarried in May, 1917. At that time the respondent had

[1] Reported in 200 Pac. 88.

passed in age his seventy-seventh year. In January, 1920, the appellant instituted this action for a divorce and for a share of the respondent's property holdings. At the hearing, the court granted the appellant a divorce, and awarded her from the respondent's separate property the sum of fifteen thousand dollars in cash and certain real property valued at five thousand dollars. This appeal questions only the property award.

It is our opinion that the appellant obtained all the property to which she can justly lay claim. The evidence makes it clear that the respondent's wealth constituted the sole attraction which induced the appellant to enter into the marriage. She admits that she had no love or affection for the respondent at the time of the marriage, and while she says that she then had regard for him, even that the evidence leaves in doubt. At the time of the marriage, she had nothing in the way of property. The marriage has put upon her no infirmity or increase of burden, and it is clear that the unhappy condition of the marriage relation was largely due to her own fault.

The statute (Rem. Code, § 989) provides that the court, in granting a divorce, shall make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, the condition in which they will be left by the divorce, and to the party through whom the property was acquired. The trial court's award was made in consonance with this statute and we think it should not be disturbed.

Affirmed.