[No. 17223.   Department One.   September 8, 1922.]

CARRIE S. TRAHEY, *Respondent*, v. GEORGE TRAHEY, *Appellant*.[1]

DIVORCE (71)—ALIMONY—ATTORNEY'S FEES—EXCESSIVE AMOUNT.
An award of $2,700 permanent alimony, $300 temporary alimony,
and $150 attorney's fees in addition to $250 previously allowed, held
excessive to the extent of the additional attorney's fees and $1,200
of the alimony.

Appeal from a judgment of the superior court for King county, Hall, J., entered September 22, 1921, granting defendant a divorce and requiring the payment of alimony and suit money to plaintiff, in an action for separate maintenance, tried to the court. Modified.

*Rummens & Griffin*, for appellant.

*John J. Sullivan* and *George E. Mathieu*, for respondent.

PER CURIAM.—Plaintiff's action was for separate maintenance; defendant sought divorce by a cross-complaint. The court awarded the divorce and provided in the decree that the defendant should pay the plaintiff, so long as she remained unmarried, $100 a month for 27 months. Pending the trial, the court made an order requiring the defendant to pay the plaintiff $100 a month temporary alimony, and $250 attorney's fee. It also appears that, at the time of entering the decree of divorce, the defendant was in default in the sum of $300 on account of the temporary alimony. The $2,700 required to be paid was in addition to this $300. The decree also requires the defendant to pay an additional attorney's fee of $150.

[1]Reported in 208 Pac. 1119.

The defendant has appealed and here complains of the amount of alimony which the decree requires him to pay, and also of the additional attorney's fee.

The parties were married in the early portion of 1918, and were divorced in July, 1921. As is often so in cases of this character, the testimony here is irreconcilable. A careful reading of the record convinces us, as it appears to have convinced the trial court, that neither of the parties to this action is entirely without fault. Only a little more than three years expired between the marriage and the divorce, and the parties actually lived together considerably less than those three years. There was no issue of the marriage. The respondent had previously been married three times, and the appellant once.

We feel that the amount of the award made by the court was, under all the circumstances, too large. It is true that, at the time of the trial and for somewhile prior thereto, the respondent was in poor health, but we agree with the trial court that the appellant cannot reasonably be held responsible for that condition. During their married life, the appellant was liberal with his wife in the matter of furnishing her with money. Appellant insists that he ought not to be required to pay any alimony. Under all the circumstances existing here, we cannot agree with this contention. As the decree now stands, the appellant is required to pay $2,700 permanent alimony, $300 temporary alimony, and an additional attorney's fee of $150. We will not interfere with the order requiring the payment of the $300. We are of the opinion, however, that the permanent alimony should not exceed $1,500, and we are further of the opinion that the court should not have allowed the additional attorney's fee of $150. The appellant, under the previous order of

the court, had already paid the respondent $250 for attorney's fees, and we think that sum was ample in a case of this character.

The decree is modified to the following extent; the additional $150 attorney's fee is disallowed; the permanent alimony shall be $1,500, to be paid by the appellant at the rate of not less than $100 a month, but he shall be privileged to make larger monthly payments or to pay the whole sum at one time; that portion of the decree which requires the payment of the $300 temporary alimony is allowed to stand. Neither party will recover costs against the other in this court.

As so modified, the decree is affirmed.