[No. 18045.   Department Two.   December 20, 1923.]

HARRY J. SMYTHE, *Respondent*, v. SOPHIA M. SMYTHE, *Appellant*.[1]

APPEAL (224)—DIVORCE (53-1)—EFFECT OF APPEAL—JURISDICTION OF COURT—ENTRY OF FINAL DECREE. Under Rem. Comp. Stat., § 988-1, providing for the entry of a final decree of divorce six months after the interlocutory decree or upon conclusion of an appeal, if taken, the lower court has no jurisdiction to enter a final decree pending appeal from the interlocutory decree; and the entry of such an order will not work an abandonment and dismissal of the appeal.

DIVORCE (80)—DECREE—DIVISION OF PROPERTY. A decree of divorce, awarding the husband property of the value of $1,200 or $1,500, and requiring him to pay $50 a month for six months, will not be set aside where the record shows no abuse of discretion.

Appeal from a judgment of the superior court for King county, Card, J., entered April 17, 1923, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

*John F. Dore* and *H. A. P. Myers*, for appellant.
*Albert D. Martin*, for respondent.

BRIDGES, J.—The trial court entered an interlocutory order to the effect that the plaintiff was entitled to a divorce from the defendant, and making a division of the property of the parties. From this judgment, the defendant appealed. After the case was argued here upon its merits, the trial court, upon the motion of the appellant, entered a final decree of divorce. At that time six months from the entry of the interlocutory order had expired. Based upon this fact, the respondent now moves that the appeal be dismissed, taking the position that the appellant, by procuring the trial court to enter the final decree, has abandoned her appeal.

[1]Reported in 221 Pac. 297.

The motion to dismiss must be denied. Section 988, Rem. Comp. Stat. [P. C. § 7507], provides for the interlocutory order, and § 988-1 provides that "at any time after six months have expired, after the entry of such interlocutory order, and upon the conclusion of the appeal, if taken therefrom, the court, on motion of either party shall confirm such order and enter a final judgment granting an absolute divorce from which no appeal shall lie." The lower court was without jurisdiction to enter the final decree. By the appeal this court had obtained, and the lower court had lost, jurisdiction. For the purposes of this motion we must, therefore, treat the final decree made by the trial court as a nullity. Its action was in direct violation of Rem. Comp. Stat., § 988-1 [P. C. § 7507a]. We must, therefore, dispose of the case upon its merits.

The appellant does not seriously question the correctness of the interlocutory order in so far as it adjudged that the respondent was entitled to a divorce, but contends that there was an unjust division of the property. The court awarded to the respondent such real and personal property as belonged to the parties, of the value of $1,200 to $1,500. He also required the respondent to pay fifty dollars a month for six months to the appellant. There is no issue of the marriage.

The trial court had the parties before it; knew better than we can their physical and mental condition, and was in a better position to judge as to what would be a just division of the property than we. From the record, we cannot say that he abused the discretion given him by the statute.

. The judgment is affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.