[No. 19879. Department One. October 27, 1926.]

FRANK L. STICKNEY, *Respondent,* v. RUSSELL T. CONGDON *et al., Appellants.*[1]

[1] APPEAL (406)—REVIEW—NEW TRIAL—DISCRETION OF COURT. It is not only the privilege but the duty of the trial court to grant a new trial when he is satisfied that the verdict is against the weight of the evidence; and the same will not be disturbed except for abuse.

[2] PHYSICIANS AND SURGEONS (11)—NEGLIGENCE—X-RAY BURN— QUESTION FOR JURY. In an action against a physician for X-ray burns, sustained by a patient, the defendant makes out a question for the jury as to his negligence, where he produced evidence contrary to plaintiff's claims that it was negligent to fail to have an attendant in the room to read the controls, and to fail to use a shutter, and where he produced other evidence to show that there were other causes for the burn for which he was not responsible.

[3] JUDGMENT (54)—NOTWITHSTANDING VERDICT. A judgment n. o. v. cannot be given unless there is no evidence or reasonable inference from evidence sustaining the verdict.

Cross-appeals from an order of the superior court for Chelan county, Parr, J., entered June 13, 1925, granting the plaintiff a new trial, after a verdict for the defendants, in an action in tort. Affirmed upon both appeals.

*Wilbra Coleman, R. V. Welts,* and *Crollard & Steiner,* for plaintiff-appellant.

*Corbin & Easton* and *D. A. Shiner,* for defendants-appellants.

[1]Reported in 250 Pac. 32.

Bridges, J.—By this action the plaintiff sought damages because of an X-ray burn.

The defendant, Russell T. Congdon, is a physician and surgeon practicing at the city of Wenatchee. There have already been two trials of this case before a jury. In each instance, there was a verdict for the defendants. In the first instance, the trial court refused to grant a new trial, and the plaintiff appealed therefrom to this court. See *Stickney v. Congdon,* 131 Wash. 7, 228 Pac. 849. On that appeal we gave the plaintiff a new trial. After the second verdict, the trial court (being a judge other than the one who sat at the first trial) refused to grant plaintiff's motion for judgment notwithstanding the verdict, but did grant his motion for a new trial. The new trial was given because the court was

" . . . convinced and satisfied from the evidence that substantial justice has not been done between the parties by the verdict of the jury; and that the evidence by its weight was contrary to the verdict of the jury;"

and because there was misconduct on the part of the jury and on the part of the attorney for the defendants in the argument of the questions of law to the jury. From the order granting a new trial, the defendants have appealed. The plaintiff has cross-appealed, charging that the court erred in not granting his motion for judgment notwithstanding the verdict.

Inasmuch as we have determined that there must be a retrial, it will be proper for us to discuss the testimony only so far as is necessary to a determination of the questions involved. We will first dispose of the direct appeal which involves only the order of the court granting a new trial.

[1] In the case of *Alberts v. Rasher, Kingman, Herrin,* 128 Wash. 32, 221 Pac. 975, we quoted with ap-

proval from *Faben v. Muir*, 59 Wash. 250, 109 Pac. 798, as follows:

"In the early case of *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907, this court announced the rule that it would not disturb the order of a trial court granting a new trial on the ground that the evidence was insufficient to justify the verdict, where there was a substantial conflict in the evidence, and Mr. Hayne was quoted as saying that this rule had been announced more frequently than any other rule of practice. The rule has been adhered to by us ever since, and is now the established rule of practice governing appeals in such cases."

Many of our previous cases to like effect are cited in the opinion from which we have quoted.

In the case of *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108, 2 Ann. Cas. 760, speaking of a like situation, we said that trial courts

"   .   .   .   should take due care not to invade the legitimate province of the  jury, but if, after giving full consideration to the testimony in the light of the verdict, the trial judge is still satisfied that the verdict is against the weight of the evidence, and that substantial justice has not been done between the parties, it is his duty to set the verdict aside."

Similar expressions may be found in other of our cases.

These cases state the settled law of this state. There was ample testimony tending to show that respondent's burn was caused by the negligence of appellants. The trial court stated that he was satisfied that the verdict was against the weight of the evidence. Under these circumstances, it was not only his privilege, but his duty, to set aside the verdict and grant a new trial.

The conclusion to which we have come on the question just discussed makes it unnecessary for us to say

anything about the other grounds on which the court granted the new trial.

[2] In support of the argument in favor of his motion for judgment notwithstanding the verdict, the cross-appellant interestingly and elaborately discusses the evidence and the inferences to be drawn therefrom. He asserts that, under our previous decision in this case, the trial court should have granted his motion. As previously stated, the judge before whom the case was first tried refused to grant the plaintiff a new trial, and on appeal we held that he erred in so doing. It appeared from the testimony at that trial that the X-ray machine with its gauges and controls was located in one room, and the application of the ray to the patient, both in doing fluoroscopic and radiographic work, was in an adjoining room. It also appeared that during the observations of the cross-appellant, no person was left in charge of the gauges or controls of the X-ray machine. It was principally because the appellants at that trial had not presented any testimony showing, or tending to show, that the failure to have some one present to read the gauges and controls was not negligence, that we granted a new trial. But at the trial from which this appeal is taken, the defendants covered this ground with testimony which tended to show that, in the use of the X-ray for fluoroscoping and radiographing, it was neither customary nor necessary to have some person in the room where the X-ray machine was to read the controls. Plainly, this testimony was amply sufficient to take the case to the jury on this question.

Cross-appellant further states that the testimony conclusively shows that the X-ray apparatus used by appellants did not have any shutter or filterer, and that the absence of these caused the burn. As we under-

22—140 WASH.

stand the testimony, the purpose of a shutter is to concentrate the light on the particular part of the person under examination, to limit the area of the X-rays and to protect the portions of the body which are not being examined. A filterer is used to soften the X-rays before they have reached the body of the subject under examination. The appellants, however, introduced considerable testimony by X-ray experts to the effect that, by the technique used by the appellants, a burn could not be caused, although no shutter or filterer was used, and that, under the circumstances of this case and the manner of treatment, the appellants used ordinary care. In other words, it is not conclusively shown by the testimony that the appellants were guilty of negligence in not using a shutter and a filterer, or either. In addition to what we have said, the appellants, in an effort to show how the burn might have been caused, presented testimony tending to show that there was a fluctuating electric current caused by the overloading of an electric transformer used by the company supplying the electricity. We need not discuss the details of this testimony. Suffice it to say that, in our opinion, it was for the jury to determine whether the burn was or could have been caused by this alleged fluctuating current, and, if such a current existed, whether appellants were negligent in using it.

[3]  We have many times held that a judgment notwithstanding a verdict will be granted only when the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; *Fobes Supply Co. v Kendrick,* 88 Wash. 284, 152 Pac. 1028; *Mattson v. Griffin Transfer Co.,* 90 Wash. 1, 155 Pac. 392. There being at least some substantial testimony tending to

show that the appellants were not guilty of negligence in causing the cross-appellant's burn, the ruling of the court was right when it refused to give judgment notwithstanding the verdict.

The judgment is affirmed upon both the direct appeal and the cross-appeal.

TOLMAN, C. J., HOLCOMB, and ASKREN, JJ., concur.

FULLERTON, J., concurs in the result.