[No. 21574. *En Banc.* March 18, 1929.]

J. W. PYLATE *et al., Respondents,* v. ALTA D. HADMAN *et al., Appellants.*[1]

[1]Reported in 275 Pac. 559.

*Poe, Falknor, Falknor & Emory,* for appellant.

*Lloyd & Croteau,* for respondents.

MILLARD, J.—This action was brought to recover for personal injuries sustained in the collision of plaintiff's automobile with the defendant's passenger bus. The case was tried to the court and a jury, and resulted in a verdict against the defendant. Motion for a new trial was overruled, and from a judgment on the verdict, the defendant appealed.

On August 8, 1925, about five-thirty o'clock in the afternoon, the respondents (husband and wife) and their minor son were driving a Ford bug owned by the respondent marital community, and at the time being operated by the husband, along the Pacific highway (also known as the "Mountain road"), in a southerly direction a short distance east of Spanaway, and about eight miles south of Tacoma, in Pierce county. Respondents testified that, while their car was traveling about twenty-five miles an hour on the extreme right edge of the pavement, a passenger bus or auto stage, owned by the defendant, was proceeding in the same direction at approximately thirty-five miles an hour, and that, without giving any signal indicative of such intention, appellant attempted to pass respondents, crowding the Ford bug to the right and off the pavement. The appellants, to avoid collision with a northbound automobile which was from fifty feet to one hundred yards south of the cars of respondents and appellant, dropped back, swinging towards respondents' car. The right hand bumper of the bus locked in front of the gas tank near the left rear wheel of the respondents' car, which was thrown across the pavement in front of the bus and completely wrecked. Mrs. Pylate was rendered unconscious, and her left arm was broken. Her son and husband escaped with

minor injuries. In one particular, the evidence is not in conflict: that is, that, at the point where the accident occurred and about one mile to the south thereof, a clear view is afforded, as the highway is straight and free from curves.

The testimony of appellant's bus driver and of seven other witnesses who were passengers on the bus, was substantially that the bus twice failed in endeavoring to pass the Ford bug, but that the third time it was successful. The respondents then drove their car around to the right of the bus, traveling on the dirt and gravel portion of the highway, swerved to the left, and drove on the pavement in front of the bus thus causing the collision. All of appellant's witnesses testified that the bus driver sounded his horn each time he essayed to pass the respondents' car, and that they did not, at any time, observe an automobile approaching from the south.

■ Appellant first complains that the court erred in admitting evidence in rebuttal which should have been introduced in chief. After the close of the evidence for the defense, the court permitted, over the objection of appellant, Cecil and William Weber to testify in rebuttal. Summarized, their testimony was that, when the accident occurred, they were in front of their garage, west of the highway, at a point from one hundred to fifteen hundred feet distant from the scene of the collision. The bus attempted to pass the bug, crowding the latter off the pavement to the right, when a northbound Ford touring car was one hundred and fifty to two hundred feet south of the cars of respondents and appellant. In withdrawing or falling back, the bus became attached to some part of the bug and wrecked it.

Appellant directs attention to our statute defining the manner of conducting trials:

"(2) The plaintiff, or the party upon whom rests the burden of proof in the whole action, must first produce his evidence; the adverse party will then produce his evidence.

"(3) The parties then will be confined to rebuttal evidence, unless the court shall consider that justice requires that evidence in the original case may then be offered." Rem. Comp. Stat., § 339.

This statute doubtless vests in the trial court a large discretion in the matter of admitting evidence out of order. Appellant was permitted to introduce testimony in reply to the testimony of the Weber brothers. Had appellant claimed surprise arising from unexpected testimony, and timely moved for a continuance in order to produce evidence to meet the emergency, a different question might have been presented. The testimony of the Webers was merely cumulative, and we can not hold that it was prejudicial. Both respondents testified in chief to the same facts, and eight witnesses for appellant postively contradicted that testimony.

In *Cogswell v. West St. & N. E. Elec. R. Co.*, 5 Wash. 46, 31 Pac. 411, we held that the admission or exclusion of evidence, not strictly in rebuttal, is a matter resting in the discretion of the trial court, the exercise of which discretion is not subject to review except in cases of gross abuse, and that the production of merely cumulative evidence can certainly not be held to be an abuse of this discretion.

A case will not be reversed for allowing evidence in rebuttal that might have been introduced in chief, except on the plainest abuse of discretion, and where appellant is not permitted to introduce evidence in reply thereto. *Bellingham v. Linck*, 53 Wash. 208, 101 Pac. 843. There was no abuse of discretion in admitting the testimony of the Webers.

■ Appellant next assigns as error the denial of the motion for a new trial. One of the grounds upon which the motion for a new trial was based, is that of newly discovered evidence. The only purpose the new evidence could serve, would be to tend to prove the improbability or impossibility of the Webers seeing the accident from the place they testified they viewed the collision. The affidavits were considered on the motion for a new trial by the trial court who heard the testimony at the trial, and he no doubt denied the motion because the newly discovered evidence was merely impeaching in character. There was no abuse of discretion in refusing a new trial on this ground. *Armstrong v. Yakima Hotel Co.,* 75 Wash. 477, 135 Pac. 233.

■ The second ground on which the motion for a new trial was based, was that the verdict was against the weight of the evidence, and that the court was satisfied of such fact. In addressing himself to this phase of the motion for a new trial, counsel for appellant directed the attention of the trial court to the case of *Stickney v. Congdon,* 140 Wash. 670, 250 Pac. 32, in which we held that, under the circumstances there recited, it was the duty of the trial court to set aside the verdict. The trial judge announced that he would not follow that rule in this particular case.

". . . that to do so and cause a re-trial would result in the same testimony again, and again he would be called on to grant a new trial."

We observe, however, that the trial court did not state that substantial justice had not been done between the parties.

We said in *Ziomko v. Puget Sound Elec. R.,* 112 Wash. 426, 192 Pac. 1009, which is decisive of the question presented by this assignment of error:

"In passing upon the motion for a new trial, the trial judge, while he denied the motion, expressed the opinion that the verdict was contrary to his view of the weight of the evidence. The appellant argues that, having this view of the evidence, it was his imperative duty to grant a new trial, and that this court must hold that it was an abuse of discretion on his part not to do so. Our cases on this question, it must be confessed, are not consistent. The cases which most directly support the contention are *Tacoma v. Tacoma Light & Water Co.,* 16 Wash. 288, 47 Pac. 738, *Miller v. Dumon,* 24 Wash. 648, 64 Pac. 804; and *Johnson v. Domer,* 76 Wash. 677, 136 Pac. 1169. Cases to the contrary are: *Suell v. Jones,* 49 Wash. 582, 96 Pac. 4; *Columbia etc. Rafting Co. v. Hutchinson,* 56 Wash. 323, 105 Pac. 636; *Kincaid v. Walla Walla Valley Traction Co.,* 57 Wash. 334, 106 Pac. 918; 135 Am. St. 982; *Franey v. Seattle Taxicab Co.,* 80 Wash. 396, 141 Pac. 890; *Payzant v. Caudill,* 89 Wash. 250, 154 Pac. 170, and *Hendrickson v. Smith,* 111 Wash. 82, 189 Pac. 550. The reasons for the varying rules are stated in the cited cases and need not be repeated here. It is sufficient to say that we are now convinced that no distinction should be made in our inquiry whether the court does or does not express his views on the weight of the evidence, but that we should in each instance, where the motion is denied, limit our inquiry to the question whether the verdict is supported by substantial evidence."

The case of *Stickney v. Congdon, supra,* is not out of harmony with that view. A careful examination we have made of the evidence brought here in the statement of facts discloses that the verdict is supported by substantial evidence.

█ Finally, it is contended that the verdict of $2,300 is excessive. The evidence discloses that Mr. Pylate's injuries, while minor, were such that he was unable to work for two weeks. Mrs. Pylate sustained a comminuted fracture of the left upper arm. She was confined to the hospital for three days, and given

treatment in the operating department of the hospital for two months. For a year she was unable to perform her housework. At the time of the trial, which was more than two years after the injury, she still complained of pain, and testified that she had not fully regained the use of the broken arm. The physician who attended Mrs. Pylate testified that, while he did not find any deformity,

". . . there is some little loss of acromion angle. . . . Instead of the arm going out as it normally does, it tends to go together in a straight line."

The injury doubtless entailed at the time severe pain and suffering, and if Mrs. Pylate is to be believed, she still suffers considerable pain and inconvenience.

There is nothing in the record to indicate that the jury was actuated by passion and prejudice in returning a verdict for the amount it did; therefore we will not interefere with it.

The judgment is affirmed.

MITCHELL, C. J., FRENCH, PARKER, TOLMAN, BEALS, and MAIN, JJ., concur.

HOLCOMB, J., concurs in the result.