(No. 5598.   April 21, 1931.)

LELA H. BECKSTEAD, Appellant, v. SYDNEY M. BECKSTEAD, Respondent.

[299 Pac. 339.]

P. J. Evans and Merrill & Merrill, for Appellant.

Peterson, Baum & Clark, for Respondent.

GIVENS, J.—Appellant sued respondent for divorce on the grounds of cruelty and nonsupport, and for one-half the community property. Respondent cross-complained, asked for a divorce on the grounds of extreme cruelty and desertion, custody of a minor child, and for a division of the community property.

The court granted respondent a divorce on the first ground assigned, gave him custody of the minor, and as a division of the community property ordered respondent to pay appellant $50 per month until $8,100 had been paid, or for thirteen years, six months, decreeing that if appellant died before the entire amount had been paid, the balance due should become part of her estate, subject to her testamentary disposition but that she might not assign her rights to the payments, and if respondent died before the full amount had been paid, the balance should be a charge on his estate.

The evidence though conflicting, is sufficiently corroborated to justify the granting of the divorce to respondent. (*Donaldson v. Donaldson*, 31 Ida. 180, 170 Pac. 94.)

Appellant further urges that the complaint and findings, not charging and finding that the acts complained

of inflicted "grievous bodily injury" or "grievous mental suffering," are insufficient.

The cross-complaint alleged:

" . . . . plaintiff has treated the defendant and cross-complainant in a cruel inhuman manner and in particular as follows,

" . . . . has constantly since said time, without cause or excuse nagged, scolded, harassed and abused this cross-complainant to the extent and so constantly and uninterruptedly that life has become and has been during all of said time unbearable."

The court did not find that the acts alleged constituted "grievous bodily injury" or "grievous mental suffering," but did find that the particular acts alleged were true, and

" . . . . that by reason of such conduct and treatment by the said plaintiff, the defendant has been caused great annoyance, pain and anguish."

These allegations and findings were sufficient. As said in *Donaldson v. Donaldson, supra,* at page 185 of the Idaho Reports, and page 95 of the Pacific Reporter:

"In order to support the judgment the inference may be drawn fairly from the findings that the acts found by the trial court to have been committed by the appellant caused the respondent to undergo grievous mental suffering."

Appellant attacks the property award as not a division of the community property, but merely the payment of interest. The court justified such award, on the ground that the respondent would be better able than appellant to manage the property (farms), and that it would jeopardize the interests of both parties to order an immediate division thereof.

C. S., sec. 4644, provides for alimony to be paid by the husband when he has been at fault. That statute is not governing herein, as this involves a division of community property under the first subdivision of C. S., sec. 4650, whereby, in cases of extreme cruelty, the community property is to be divided as the court deems just.

■ The court found the net value of the community property. was about $22,000, and there is no showing that the court did not exercise a balanced discretion in awarding $8,100 thereof to appellant. In *Thomsen v. Thomsen,* 31 Cal. App. 185, 159 Pac. 1054, at page 1055, the court said:

"Counsel states that, as the evidence shows the defendant has been a hard-working woman and by her efforts assisted in accumulating the property, she should have been awarded at least one-half of all of it. But this feature of the case is not controlling. Many cases arise wherein all the property has been accumulated entirely by the efforts of the husband, unaided by the wife's labor, and wherein, upon a divorce being granted to the wife upon the ground of the husband's cruelty, she has been awarded much more than one-half of the common property. In such cases one of the circumstances the court must take into consideration and give due weight to is the important fact that one spouse has been cruel to the other, which cruelty has resulted in disrupting the home and marriage ties."

Therefore the amount of the award is sustained. (*Enders v. Enders,* 36 Ida. 481, 211 Pac. 549; *Donaldson v. Donaldson, supra.*)

Appellant's most serious objection is to the method of payment, resisting the annuity plan adopted.

Many courts have confused alimony and distribution of the community property, hence there are few cases directly in point on the situation involved herein. In *Powell v. Powell,* 66 Wash. 561, 119 Pac. 1119, the attack was on the amount of the award, not the monthly payment plan; likewise in *Smythe v. Smythe,* 127 Wash. 566, 221 Pac. 297. In *Bailey v. Bailey,* 142 Wash 359, 253 Pac. 121, 255 Pac. 132, the husband was granted the divorce, the wife the property, but required to pay the husband $12,000 in a lump sum. The court said at page 122 of 253 Pac:

"The $12,000 at 6 per cent. interest would produce $60 per month for the entire period of the respondent's life expectancy and leave the principal intact.

"We are inclined to disagree with the trial court as to the manner in which the $12,000 should be paid. The property holdings of the parties at the time of the trial, aside from the $4,000 which came from the Yakima property, was almost entirely the result of the labors of the appellant and the two boys; neither of the latter having received wages. Dewey testified that it was the understanding that he was to have one-fourth of the profits, though it all remained as one property and was never segregated. To require the appellant to raise the $12,000 within the time limited by the decree would place upon her a very great burden. In addition to this, if the money should be paid and should not be conserved by the respondent, his two sons would nevertheless be under obligation to support and maintain him. Under all the circumstances of the case it seems to us that a better adjustment would be to require the appellant to pay to the respondent, for his support and maintenance, $1,500 within 30 days after the *remittitur* from this court shall have been filed with the clerk of the superior court and $60 on the first day of each and every month thereafter so long as respondent shall live until the full sum of $12,000 has been paid. The deferred payments should be made a lien upon the real estate, but should not draw interest. Should the appellant at any time desire to remove the lien of the deferred payments, she may do so by paying into the registry of the court the entire balance of the $12,000 then unpaid."

The evident reason for such holding was that the husband was ill, and unable to work advantageously.

Herein, the appellant is able bodied and there is no reason to conclude from the record that she is not capable of managing her own financial affairs. Conceding that the court was correct and justified in determining that it would jeopardize or be injurious to the interests of both parties to order an immediate division of the property, and that the farms should be left under the management of respondent, if appellant is entitled to any share in the community, and the court has given her 8100/22000 thereof, she is en-

titled thereto as a former member of the community, the amount dependent upon the discretion of the court, and she is entitled to the same within a less time than thirteen years, six months. (*Steinkopf v. Steinkopf,* 165 Wis. 224, 1 A. L. R. 1103, 161 N. W. 757.)

The court has discretion as to the share and method of division, but there does not appear in the evidence herein, reasonable justification for denying appellant herein an undivided interest to the extent of $8,100 of the community valued at about $22,000. (*Van Vleet v. Van Vleet,* 42 N. D. 470, 174 N. W. 213.)

If the retained management of the farms, until a division may be advantageously made, or other adjustment evolved within a reasonable time, results in as much material loss as there has been marital discord, the matter may again be brought to the attention of the court, and the decree will be held open for that purpose. This will not necessarily prolong potential litigation over the present decree, under which the payments were to continue for thirteen years, six months, and it gives appellant her share to do with as she sees fit, and relieves respondent of further responsibility.

If it be urged that we are in a measure substituting our discretion for that of the trial court, we are justified by the statute. (C. S., sec. 4652; *Strozynski v. Strozynski,* 97 Cal. 189, 31 Pac. 1130; *Cargnani v. Cargnani,* 16 Cal. App. 96, 116 Pac. 306.)

In *Largilliere v. Largilliere, ante,* p. 496, 298 Pac. 362, (filed April 9, 1931) the wife asked for an annuity.

The judgment granting respondent a divorce, modified to give appellant an undivided $8,100 interest in the community property, is affirmed, the respondent to pay appellant $50 a month until the division of the community, such division to be made within a reasonable time; provided, that if appellant's proportionate share of the rents and profits from the community property, based on an $8,100 interest in the community property, exceeds $50 a month, she shall receive such difference. If such share is less than $50 a month,

the difference is to be deducted from the interest awarded her in the community property at, the time of its division.

Budge, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.