[No. 25109.   Department Two.   November 15, 1934.]

GRACE G. MORROW, *Appellant,* v. CLYDE O. MORROW, *Respondent,* JAMES GRAY MORROW *et al., Interveners-respondents.*[1]

*Colvin & Rhodes* and *Riddell & Brackett,* for appellant.

*Stedman & Stedman,* for respondent.

*Ned Roney,* for interveners-respondents.

HOLCOMB, J.—Appellant and respondent were married on June 30, 1928.   Appellant began this action for divorce on September 12, 1932.   Interveners herein are Nellie E. Morrow, a former wife who was divorced from respondent in November, 1926, and her three

[1]Reported in 37 P. (2d) 692.

children by that marriage, James Gray Morrow, Clyde Bartell Morrow and Mozella M. Muller and her husband, Clinton H. Muller.

Respondent and Nellie E. Morrow had been married in 1900, and the issue of that marriage are the three children above named. Before that divorce, a property settlement had been made between them by which she and her children received about thirty-six thousand dollars. At that time, respondent was a prosperous business man in Seattle, who had drawn, as manager and principal owner in several industries, substantial and increasing salaries and income, by reason of which he had accumulated approximately one hundred thousand dollars in business and property at the time of the divorce from Nellie E. Morrow.

After a trial lasting eight days, in which the trial court heard the parties and their witnesses, observing their candor and demeanor in testifying, the divorce was granted to both parties upon the ground of cruelty. As the trial judge observed, the trial was a one-day divorce case and a seven-day accounting action. At the conclusion of the hearing, the trial judge orally gave a memorandum opinion, which comprises thirty pages of the statement of facts, analyzing the law and the evidence most elaborately and, as we consider, correctly. We are unable to find the slightest inaccuracy in it.

In addition thereto, he made findings and conclusions of law and entered a judgment in accordance therewith awarding to appellant the household furnishings of the parties, the sum of seventy-five dollars per month as alimony for a period of five years from February 1, 1933, one hundred and forty-five dollars as costs and a total of seven hundred and fifty dollars attorneys' fees. It was ordered that that award should be a lien upon Aetna Paramount Accident

Policy No. PA48805. It was further adjudged that respondent should have as his separate property 315 shares of stock in Crosby Lighterage Company, one used Graham-Paige automobile, and a promissory note from Gordon F. Matthews and Montague R. Ward of three thousand dollars, and should pay all outstanding community obligations.

It further adjudged that the beneficiaries named in Prudential Insurance Company policies No. 4853025, No. 4863026 and No. 6483160 are entitled to payments made under those policies; that respondent is entitled to payments being made under Prudential Insurance Company policy No. 5989970, and that Nellie E. Morrow is entitled to two hundred dollars per month from payments being made under Aetna Paramount Accident Policy No. PA48805, and respondent is entitled to balance of payments under that policy; that the beneficiaries named in Northern Life Insurance Company policy No. 25845 are entitled to payments made under that policy.

Heretofore, a motion was made by appellant to remand the case to the trial court for the purpose of passing upon alleged newly discovered evidence and to pass upon her petition to vacate the judgment. This motion was deferred to be heard when the appeal was submitted on the merits.

After reading and considering the affidavits presented in support of this motion, we find that the motion is not well taken. The affidavits as to some of the proffered testimony show that the evidence would be merely cumulative and impeaching in character, as to which there was evidence introduced by appellant at the trial of the case. The affidavit of appellant and one of her present counsel do not allege that the other witnesses were not available, or that any attempt had been made to obtain their evidence previously.

To justify the granting of such a motion, it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; (5) that it is not merely cumulative or impeaching. *Libbee v. Handy,* 163 Wash. 410, 1 P. (2d) 312 (not cited by either party). To the same effect are: *Peoples v. Puyallup,* 142 Wash. 247, 252 Pac. 685; *Eyak River Packing Co. v. Huglen,* 143 Wash. 229, 255 Pac. 123, 257 Pac. 638; *Pylate v. Hadman,* 151 Wash. 245, 275 Pac. 559; *White v. Donini,* 173 Wash. 34, 21 P. (2d) 265; *State v. Wynn,* 178 Wash. 287, 34 P. (2d) 900.

The motion is therefore denied.

■ The contest is waged almost entirely over the property settlement. Attacks are also made against the good faith of the former property settlement between respondent and intervener Nellie E. Morrow, as to which the trial court said there could be no doubt as to the good faith of that property settlement and of the value of respondent's estate at that time. The trial judge also quoted and kept in mind Rem. Rev. Stat., § 989 [P. C. § 7508]', which provides that the court, in granting a divorce, shall make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, the conditions in which they will be left by the divorce, and to the party through whom the property was acquired.

The trial judge drew a close comparison between the circumstances and conditions shown in this case and that of *Hutchison v. Hutchison,* 148 Wash. 417, 269 Pac. 341, as to which there is, in fact, a very close parallelism. In this case, as in that, appellant was

self-supporting before marriage, is in apparent good health, brought no financial help to the marital enterprise, for more than four years enjoyed the advantages of the husband's income, and there are no children to burden her. She is seventeen years younger than respondent, and he is a hopeless cripple for life. Neither has there been any infirmity or undue burden cast upon appellant during the marriage relation.

It is further to be considered that intervener Nellie E. Morrow, who sustained marital relations with respondent for about twenty-six years and bore his three children, was the helpmate who probably assisted respondent in acquiring the property. It is obvious from the record that appellant did nothing to augment, but rather to decrease, his finances. See *Glass v. Glass,* 116 Wash. 638, 200 Pac. 88; *Trahey v. Trahey,* 121 Wash. 224, 208 Pac. 1119.

Prior to his property settlement with intervener Nellie E. Morrow in 1926, respondent had procured various insurance policies for considerable amounts. After marriage to appellant, he continued to pay premiums on the policies, some of which had been used as the basis of alimony payments to his first wife, because of which appellant contends that, to the extent of the premiums paid during coverture with her, they became community property.

According to the undisputed evidence and as the trial court found, on February 25, 1932, respondent suffered an accident that rendered him unconscious for a period of about five weeks, as a result of which he suffered the loss of both legs and suffered other serious injuries; thereafter, respondent was very highly nervous, irritable and abusive to appellant, and appellant conducted herself in such a manner as to accentuate the nervousness of respondent, forcing him to leave their home on about August 20, 1932.

The insurance policies and proceeds therefrom constitute practically all of the property of any moment before the trial court. The trial judge stated that he considered, irrespective of whether it is separate or community property, it should be distributed upon the basis of the respective rights of the parties under the statute before quoted.

Under our law and decisions in divorce settlements, it is immaterial whether the property disposed of is community or separate, and the trial judge took the right view of it and made as fair and equitable an allowance to appellant, under the conditions, as she was entitled to.

We shall not concern ourselves with criminations against intervener Nellie E. Morrow, the former wife of respondent. There is not the slightest showing in the record of any meretricious conduct on her part being the cause of the divorce between herself and respondent. Neither shall we uselessly discuss the character or conduct of appellant during the period from the time she became acquainted with respondent until their marriage, or whether she was the "pursuer" or the "pursued," and the cause of that divorce. That, also, is now unimportant.

One other charge made by appellant is that respondent secreted between five thousand dollars and six thousand dollars, and did not account for it to appellant nor to the court. Under the facts, the statute and the cases heretofore cited, that would not have justified any further award to her, nor any modification of the decree here.

We conclude that the judgment appealed from was correct, and should be affirmed. It is so ordered.

BEALS, C. J., STEINERT, MITCHELL, and BLAKE, JJ., concur.