[No. 26540. Department Two. June 28, 1937.]

VERNON DOYLE, *Respondent*, v. CARRIE M. DOYLE, *Appellant*.[1]

*H. E. Gorman*, for appellant.

*Ralph E. Purves*, for respondent.

HOLCOMB, J.—This is an appeal from a decree of divorce.

In her notice of appeal, appellant specifically states that she is appealing from that certain judgment entered on June 1, 1936, "except that portion granting divorce to the parties hereto." Notwithstanding that limitation in her notice of appeal, her present counsel now argues the insufficiency of the evidence to support the decree, which he cannot do.

The principal contention of appellant is the alleged inequality and injustice of the property settlement made by the court.

The comparatively short statement of facts has been read. It would be useless to detail the facts as to the

[1]Reported in 69 P. (2d) 805.

nature, origin and value of the several properties and their respective present and prospective incomes.

Rem. Rev. Stat., § 989 [P. C. § 7508], prescribes:

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the conditions in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, . . ."

Here, there are no minor or dependent children.

Under that statute, this court has always held that, in granting a divorce and making a property settlement, the trial court has a very wide discretion. It may even give the whole or any part of the separate property of one to the other.

As was said in *Smythe v. Smythe,* 127 Wash. 566, 221 Pac. 297:

"The trial court had the parties before it; knew better than we can their physical and mental condition, and was in a better position to judge as to what would be a just division of the property than we. From the record, we cannot say that he abused the discretion given him by the statute."

See *Morrow v. Morrow,* 179 Wash. 329, 37 P. (2d) 692, not cited by either party, which involved the same statute above cited, where we held that the trial judge in a divorce settlement is required to dispose of the property justly and equitably, and it is immaterial whether the property is community or separate.

See, also, *Hutchison v. Hutchison,* 148 Wash. 417, 269 Pac. 341, to the same effect.

Therefore, the decree must be, and is, affirmed.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.