[No. 28686. Department One. June 25, 1942.]

O. H. HADLEY, *Appellant,* v. TED E. SIMPSON, *Respondent.*[1]

[1]Reported in 127 P. (2d) 260.

94

*Leo Teats* and *Ralph Teats,* for appellant.

*Caldwell, Lycette & Diamond* and *Reuben C. Carlson,* for respondent.

MILLARD, J.—About six p. m., December 7, 1939, plaintiff, while walking from the middle of the block on Broadway between Seventh and Ninth streets, in the city of Tacoma, toward the curb, was struck by, or collided with, an automobile operated by defendant. An action was instituted to recover damages for personal injuries alleged to have been sustained by plaintiff as a result of that accident. The cause came on for trial to the court, sitting with a jury. Defendant's motion at the close of plaintiff's case for nonsuit was granted on the ground that plaintiff was guilty of contributory negligence as a matter of law. On appeal therefrom, we reversed the judgment of dismissal (*Hadley v. Simpson,* 9 Wn. (2d) 541, 115 P. (2d) 675) and held that the question of plaintiff's contributory negligence was one of fact for the jury. While we observed in the course of our opinion that we did not know what more plaintiff could have done to apprehend the immediate approach of the defendant's automobile, in any event,

" . . . whether he exercised reasonable care under the circumstances was a question for the jury to determine as a matter of fact—not for the court to decide as a matter of law."

On retrial, the cause was submitted to a jury under instructions, to which no exception was taken, which properly presented the questions of primary negligence and contributory negligence. From judgment entered on verdict in favor of defendant, motion for a new trial on the ground that the verdict was against the weight of the evidence having been overruled, plaintiff appealed.

The only error assigned is the denial of the motion for a new trial. Counsel for appellant contend (citing *Stickney v. Congdon*, 140 Wash. 670, 250 Pac. 32, as sustaining authority) that the trial court was satisfied that the verdict was against the weight of the evidence, but erroneously assumed that to grant a new trial on the sole ground of the insufficiency of the evidence to justify the verdict in favor of the respondent would be an invasion of the province of the jury.

In the order denying the motion for a new trial, the court said:

"The sole question in this case is, should the court grant a new trial because of the insufficiency of the evidence to justify the verdict in favor of the defendant and that the verdict is against the weight of the evidence. In other words, should the court grant a new trial because the court is satisfied substantial justice has not been done.

"That the court has the power to grant a new trial when in the opinion of the court the above conditions prevail, has oft been decided by our supreme court and needs no citation of authority to justify the same. However, in doing so the court must in all cases have one thing in mind, and that is, that the court does not invade the legitimate province of the jury."

The court then briefly reviewed the history of this cause and stated the jury was adequately instructed and passed squarely upon the question whether appellant was guilty of contributory negligence which would bar recovery. The court then observed, in

answer to the court's own question whether it could say that the verdict should be set aside on the ground that substantial justice was not done, or that the verdict was against the weight of the evidence,

"Let us see what such a rule would mean in event of a new trial. Granted that the case would be again tried before a jury upon the same state of facts as presented to the former jury, could the court, after making such a ruling as is requested here, again submit to the jury the question of contributory negligence, when the court in granting a new trial under the circumstances, as presented in this case, virtually says the jury was mistaken in holding the plaintiff guilty of contributory negligence.

"This court is thoroughly convinced from reading the authorities and from a review of the evidence, as presented on the trial and in view of the verdict of the jury as rendered, that to grant a new trial on the grounds suggested by the plaintiff would be an invasion of the province of the jury, which this court feels it is not at liberty to do.

"However much the court may sympathize with the plaintiff and however much the court may feel that the jury in this case erred in holding the plaintiff guilty of contributory negligence, the court is of the opinion that it cannot and should not grant a new trial because the verdict is contrary to the evidence, as the court feels the question of contributory negligence was fairly presented to the jury for the jury's consideration, and that the jury did consider and held squarely against the plaintiff.

"For the above reasons the motion for a new trial will be and is hereby denied."

■ True, the trial court, in denying the motion for a new trial, expressed the opinion that the verdict was contrary to the court's view of the weight of the evidence, but the trial court did not state that substantial justice had not been done between the parties. It does not follow that, because of the view that the verdict is contrary to the weight of the evidence, it is the im-

perative duty of the trial court to grant a new trial and that this court must hold that it is an abuse of discretion on the part of the trial court not to do so.

We are committed to the rule that no distinction should be made in our inquiry whether the trial court expresses its views on the weight of the evidence, but that, in each instance where the motion is denied, we should restrict our inquiry to the question whether the verdict is supported by substantial evidence. *Ziomko v. Puget Sound Elec. R. Co.*, 112 Wash. 426, 192 Pac. 1009; *Pylate v. Hadman*, 151 Wash. 245, 275 Pac. 559.

*Stickney v. Congdon*, 140 Wash. 670, 250 Pac. 32, in which a new trial was granted because the trial court was convinced that substantial justice had not been done between the parties by the verdict of the jury, is not out of harmony with the view we have expressed above.

The evidence is sharply conflicting. There is substantial evidence, which the verdict reflects acceptance by the jury as true, respecting the speed of the car which struck appellant, the position of each of the vehicles parked south and north of appellant's shop, and the conduct of appellant as he was proceeding from the middle of the street toward the sidewalk. Whether appellant exercised reasonable care under the circumstances, was a question for the jury to determine as a matter of fact, which question under appropriate instructions was resolved against appellant. The verdict is supported by substantial evidence.

Supreme Court Rule XI, subd. 2, 193 Wash. 13-a, requires respondent's brief to be on file with the clerk of this court not less than ten days prior to Thursday of the week preceding the week of the hearing. In view of the fact that his brief was filed one day prior to the Thursday of the week preceding the week

of the hearing of the appeal, respondent is not entitled to costs for his brief.

The judgment is affirmed.

ROBINSON, C. J., MAIN, SIMPSON, and DRIVER, JJ., concur.

[1] Reported in 126 P (2d) 1090.