[No. 29833. Department Two. April 16, 1946.]

DOUGLAS BORNSTINE, *Appellant*, v. OLIVE LEONA BORNSTINE, *Respondent.*[1]

*T. M. Royce,* for appellant.

*Johnson & Dafoe,* for respondent.

JEFFERS, J.—The original divorce action between the parties to the present proceedings was instituted by Douglas Bornstine against his wife, Olive Bornstine. The divorce action was heard by the Honorable Chester A. Batchelor, one of the judges of the superior court for King county. Olive Bornstine made no appearance in the above

[1]Reported in 168 P. (2d) 147.

action, and after hearing evidence, the court, on December 2, 1941, entered an interlocutory decree of divorce in favor of plaintiff.

By this decree, the court approved a property settlement entered into between the parties about October 29, 1941, and awarded to plaintiff the care, custody, and control of the three minor children of the parties, to wit: Douglas Bornstine, Jr., Olive Delores Bornstine, and Bernadine Bornstine, with the right of visitation at reasonable times and hours given to defendant. Final decree in all respects the same as the interlocutory decree was filed June 3, 1942.

It may be stated here that, by the property settlement above referred to, plaintiff was awarded all the property owned by the community, both real and personal, including the home and furniture, two cleaning establishments and fixtures used in connection therewith. The decree was granted on the ground of cruelty. The trial court in the divorce action made no finding that Mrs. Bornstine was not a fit and proper person to have the care and custody of the minor children.

On July 7, 1943, Olive Bornstine filed in the action her petition to modify the above-mentioned decree in the following particulars:

"1. By granting to your petitioner the permanent care, custody and control of the minor children of the parties hereto, to-wit: Douglas Bornstine, Jr., Olive Delores Bornstine, and Bernadine Bornstine, subject to the right of reasonable visitation on the part of the plaintiff, Douglas Bornstine.

"2. That the plaintiff, Douglas Bornstine, be required to contribute towards the support of said minor children the sum of $100.00 per month."

The petition, among other things, alleged that since the entry of the interlocutory and final decrees of divorce, the facts and circumstances have materially changed; that since the entry of the final decree of divorce, petitioner has remarried, her husband being O. D. Neely; that petitioner and her husband are now in a position to provide a good and proper home for the minor children of petitioner.

It is further alleged in the petition that, at the time of the entry of the interlocutory decree of divorce, petitioner had no money or property of any kind, had no regular employment, and was not then in a position to provide a home for the children; that, due to those conditions, petitioner consented to the court awarding the temporary custody of the minors to their father; that, at the time of the entry of the decree of divorce, petitioner was not represented by counsel and did not know that she had a right to insist on plaintiff providing the necessary money for her to contest the action, particularly that portion awarding to plaintiff the custody of the minor children.

There are also allegations to the effect that the minor children have not been, and are not now, receiving proper care and attention.

Both parties to the present proceeding appeared at the hearing on the above-mentioned petition on September 27, 1943, and both were represented by counsel. That hearing was had before the Honorable Calvin S. Hall, another one of the judges of the superior court for King county. Apparently on October 14, 1943, the court rendered a memorandum decision favorable to petitioner.

On October 20, 1943, Mr. Bornstine filed a motion for new trial on the sole ground of "insufficiency of the evidence to justify the decision and that the same is against law." On October 30, 1943, Mr. Bornstine filed a motion to reopen the case for the purpose of presenting further evidence. These motions were by the court denied on November 15, 1943, and on the same day Judge Hall made and entered findings of fact, conclusions of law, and judgment favorable to petitioner.

Mr. Bornstine appealed from the judgment entered, and the opinion of this court will be found in *Bornstine v. Bornstine*, 21 Wn. (2d) 104, 150 P. (2d) 60. The opinion states:

"Appellant assigns as error the refusal of the trial court to consider the affidavits disclosing the misconduct of respondent and her present husband and the refusal of the trial court to permit appellant's counsel to make any offer of proof."

While the opinion does not specifically so state, the claimed error was committed in refusing to consider affidavits in support of the motion for new trial and the motion to reopen the case, and for that reason the judgment of the lower court was reversed, with instructions to grant a new trial.

The opinion continues:

"The court [Judge Hall] found that, prior to separation October 24, 1941, of plaintiff and defendant, the former was addicted to excessive use of intoxicating liquor and while intoxicated frequently called his wife vile names, accused her of infidelity due to which cruel treatment she lost all affection for her husband who forced her to leave her home and children when she refused to cohabit with him; that the property agreement of the parties was unfair; that petitioner is a fit and proper person to have the care and custody of the children; that she and her present husband (O. D. Neely), who is regularly employed and is willing to assist 'in bringing up said minor children,' are now in a position to provide a good and proper home for the children; that plaintiff [Mr. Bornstine] has had a succession of housekeepers to care for the children, due to which condition the children were kept constantly in turmoil; that plaintiff failed to prove that separation of plaintiff and defendant was caused by improper relationship of defendant with Neely; and that defendant is entitled to award of one hundred dollars monthly from plaintiff for support of the three children."

While, as hereinbefore stated, the only error assigned and the only issue presented, according to the opinion, was whether or not Judge Hall erred in refusing to consider certain affidavits in support of the motion for new trial and to allow the appellant to make an offer of proof in support of the motion to reopen the case, the opinion contains statements which might be construed as a holding that the facts did not support the trial court's findings, at least in certain particulars. However, in view of the error assigned and the issue presented, it could hardly be said such statements were necessary to the decision.

We have referred to some of the findings made by Judge Hall for the further reason that in the present proceeding,

the court made almost the same findings as did Judge Hall.

After the remittitur went down in the case just referred to, and on July 11, 1945, petitioner moved to ·mend her petition to modify by adding thereto the following paragraph:

"That Douglas Bornstine is not now a fit and proper person to have the care, custody and control of the children of the parties; that he has conducted himself in such a manner that the welfare of the children is now in jeopardy, and at least one of the children, due to his fear of Douglas Bornstine, has left his home on two occasions, the last time being temporarily awarded to the juvenile court."

The cause again came on for hearing on the petition, as amended, of Olive Neely, formerly Olive Bornstine, on July 20, 1945, before the Honorable James W. Hodson. In this hearing, some fourteen witnesses were called by petitioner and testified, and twenty-three witnesses were called by Mr. Bornstine. It was Mr. Bornstine's main contention in this proceeding, as in the one before Judge Hall, that petitioner, Mrs. Neely, was not a fit and proper person to have the care, custody, and control of these minor children, and that the welfare of the children would be best served by awarding them to him. To justify his contention, Mr. Bornstine attempted to show that petitioner had left her home and children because she had become infatuated with Mr. Neely, her present husband, and to show that the then Mrs. Bornstine and Mr. Neely had in fact lived together as husband and wife prior to their marriage. On the other hand, it was petitioner's contention that she left her home because of the manner in which Mr. Bornstine treated her; that he continually, without justification, accused her of infidelity and having affairs with other men; that he drank to excess, and would call her vile names in the presence of the children; that, at the time of the original divorce, petitioner had no counsel and did not know what her legal rights were; that Mr. Bornstine has had a succession of housekeepers, which is not for the best interest of the children. Petitioner further contended that she and her present husband now have a good home, and that both of

them are willing and able to provide a good home for the children.

It is apparent from an inspection of the record of the proceeding before Judge Hall that practically the same contentions were made by the respective parties as were made in the present proceeding; and, as indicated by the findings of fact, Judge Hall found against Mr. Bornstine's contentions on almost every point and was so impressed with the fact that the children should be placed in the custody of their mother that he ordered Mr. Bornstine to turn them over to petitioner immediately, pending the appeal in that case.

In the instant proceeding, Judge Hodson found against the contentions of Mr. Bornstine, and specifically found that Mrs. Neely was a fit and proper person to have the care and custody of the children, and that their welfare would be best served by awarding their custody to Mrs. Neely.

There was evidence introduced in this case by the respective parties which, if believed by the court, tended to prove their respective contentions. The trial court in this proceeding, as in the prior one, indicated by the findings of fact and judgment entered that it believed the testimony of petitioner and her witnesses.

In view of the fact that two trial judges, after seeing the witnesses and after hearing testimony purporting to cover almost every phase of the family life of the parties and of their activities before and since they separated, arrived at the same conclusion, we are of the opinion great weight should be given to the conclusions reached by the trial judge in this proceeding.

We are satisfied that the basic findings of fact, in so far as they refer to the characters of the respective parties, and in so far as they find that the welfare of the minors would be best served by awarding their care, custody, and control to their mother, are amply supported by the evidence.

We see no good purpose in attempting to set out the testimony in this case. We shall indicate briefly the substance of some of the findings of fact made by the trial court which

bear particularly on the main issue presented, and quote others.

On August 4, 1945, at the time the findings of fact were made and filed, Douglas Bornstine, Jr., was thirteen years of age, Olive Delores Bornstine, twelve years of age, and Bernadine Bornstine, six years of age. It may be noted here that the two older children will soon have reached an age when the court will give considerable weight to their decisions as to which parent, if either, they desire to live with.

It is stated in finding No. 4 that Mr. Bornstine is a man of rather violent temperament, is insanely jealous, and that prior to the separation of the parties he treated petitioner in a cruel and inhuman manner, in that he frequently and without justification accused her of infidelity and improper conduct with other men; that due to his insanely jealous temperament and violent disposition, he caused his wife to have great fear of him; that he accused her of improper conduct with O. D. Neely (her present husband), and told her to get out; that there was no truth or foundation for his accusations, as there never had been any improper relation or conduct between petitioner and O. D. Neely.

The court further found that Mr. Bornstine led petitioner to believe that she was not entitled to any of their property or any support money for the children or herself; that, due to petitioner's fear of her husband, he induced her to agree to turn over to him all their property and the temporary custody of the children, and forced her to leave the home on the morning of October 24, 1941.

It is stated in finding No. 9 that petitioner has always been a devoted mother to her children, and that prior to the separation she gave them the best of care, made their clothing, and never at any time neglected them; that she has visited them on every possible occasion, even though Mr. Bornstine has refused to let her take the children from his home or visit with them elsewhere.

Finding No. 10: "That the petitioner has at all times been and now is a fit and proper person to have the care, custody

and control of her minor children, and the welfare of the children will be promoted by awarding the care, custody and control of the children to her."

Finding No. 11: "That since the final decree of divorce was entered herein, petitioner has married O. D. Neely; that petitioner and her husband have a very nice home in a good residential district in the city of Seattle; that petitioner and her husband are happily married; that both are very devoted to each other and to the children of the petitioner; that their home is a friendly home and an excellent place to bring up the Bornstine children; that petitioner is not now employed and has not been employed for approximately three years last past; that she will devote her entire time and attention to the care of her children; that O. D. Neely is regularly employed and is willing to assist the petitioner in the care and support of said children."

Finding No. 12, in part: "That the respondent Douglas Bornstine, is not now a fit and proper person to have the care, custody and control of the minor children of the parties; that he has a violent temper and on frequent occasions, without cause, has, in the presence of the children, called petitioner vile and opprobrious names; that he is a heavy drinker and on occasions drinks to excess."

Finding No. 13: "That since the entry of the interlocutory decree of divorce and final decree of divorce, the facts and circumstances affecting and relating to the care, custody and control of the minor children of the parties hereto has materially changed and the petitioner Olive Leona Neely should be awarded the care, custody and control of said children, subject only to the right of reasonable visitation on the part of the respondent, Douglas Bornstine."

Finding No. 14: "That the respondent Bornstine testified that he makes in excess of $10,000.00 per annum, and is therefore, better able financially to bring up the children than petitioner; that the Neely home is preferable to the home of Bornstine for bringing up the children; that although petitioner's husband has only a modest income the welfare of the children will be better served by placing them in the home of petitioner; that the respondent Bornstine is well able to assist in the care of the children and is well able to pay petitioner the sum of $100.00 per month, subject to the further order of the court, to assist her in raising and bringing up the children."

Finding No. 16: "That the respondent, Douglas Bornstine, has wholly failed to establish the material allegations

of his answer and affirmative defense herein; that petitioner, Olive Leona Neely, has at all times been a fit and proper person to have the care, custody and control of the minor children of the parties, and the respondent has wholly failed to establish the charge contained in his answer that the separation of the respondent and petitioner herein was due to petitioner's love for her present husband, O. D. Neely; that the separation was solely due to the wrongful conduct of the respondent and he forced petitioner to leave her home and children."

The material part of the judgment entered is as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the interlocutory decree of divorce entered herein on December 2nd, 1941, and the final decree entered herein on June 3, 1942, be, and each of them are hereby modified in the following particulars: THAT Olive Leona Neely, be, and she hereby is, awarded the care, custody and control of the minor children of the parties, to-wit: Douglas Bornstine Jr., born May 13, 1932, Olive Delores Bornstine, born April 13, 1933 and Bernadine Bornstine, born March 17th, 1939, subject only to the right of the respondent Douglas Bornstine to visit said children at reasonable times and hours.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the respondent Douglas Bornstine shall turn over the minor children of the parties hereto to Olive Leona Neely forthwith and that he shall at said time and place deliver to Olive Leona Neely the children's clothing and personal effects.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the respondent Douglas Bornstine be, and he is hereby required to pay to Olive Leona Neely the sum of $100.00 per month, until the further order of the court, as support money for the care and maintenance and support of said minor children; that said support money shall be paid on the 4th day of each and every month commencing August 4th, 1945.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the respondent Douglas Bornstine forthwith pay to petitioner, as and for attorneys fees, the sum of $750.00 necessarily incurred by petitioner in connection with the prosecution of her petition herein, and that said respondent Douglas Bornstine shall pay her costs and disbursements herein to be taxed.

"DONE in open court this 4th day of August, 1945.

"JAMES W. HODSON, Judge."

Mr. Bornstine has appealed from the judgment entered.

Assignments of error: (1) The court erred in modifying the divorce decree so as to award the custody of the children to respondent; (2) in finding that appellant was addicted to the use of intoxicating liquor to excess; (3) in finding that respondent was a fit and proper person to have the custody of the children; (4) in finding that respondent's second husband was a fit and proper person to aid in the care and upbringing of the children of appellant; (5) in finding that appellant was not a fit and proper person to have awarded to him the custody of the children; (6) in allowing respondent an attorney's fee of $750; and (7) in denying appellant's motion for new trial.

We are of the opinion that the evidence sustains the findings of fact, and that the findings sustain the judgment entered, with the exception of the last paragraph relating to attorney's fees, and that therefore assignments of error Nos. 1, 2, 3, 4, and 5 are not well taken.

 It will be noted the court allowed respondent attorneys' fees of $750. The only purported basis for the allowance of $750 is found in finding of fact No. 15, which clearly states that the allowance of $750 was arrived at by allowing respondent $250 for the services of her attorneys in the trial of the case before Judge Hall, $250 for conducting the appeal from the judgment entered in that proceeding, and $250 for their services in the present proceeding.

We are clearly of the opinion that the trial court in this proceeding was without authority to allow respondent attorneys' fees for services performed in the previous hearing or in the appeal to this court, that assignment of error No. 6 is well taken, and that the judgment must be modified to the extent of reducing the attorneys' fees allowed from $750 to $250, which latter sum we find to be a reasonable amount to be allowed respondent as attorneys' fees in the trial of this action.

We therefore conclude that the judgment of the trial court as modified should be affirmed, unless the trial court erred in denying appellant's motion for new trial.

We stated in *Morrow v. Morrow,* 179 Wash. 329, 332, 37 P. (2d) 692:

"To justify the granting of such a motion, it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; (5) that it is not merely cumulative or impeaching. [Citing cases.]"

The motion for new trial came before the court on August 29, 1945. Some twenty pages of the statement of facts are consumed in a colloquy between the court and counsel relative to the affidavits in support of and opposing the motion for new trial. Near the end of the colloquy the following occurred:

"THE COURT: Is there anything to be gained by prolonging this? I don't see that these affidavits or the report card change the picture very much. What do you think, Mr. Johnson? MR. JOHNSON [Attorney for respondent]: I can't see anything here at all that would justify the court in granting a new trial. It is all information that counsel could have produced if he had wanted to. MR. HANNA [Attorney for appellant]: I have told you why it was not produced. THE COURT: It not only could have been produced, but it was clearly information that was relevant to the issues and should have been produced at the time of trial."

■ We have examined the affidavits in support of the motion for new trial, and we are satisfied that, if evidence was produced in accordance with the affidavit, a different result would not be obtained; at best, the evidence would be merely cumulative.

We are satisfied that both parties to this proceeding were apprised by the former hearing before Judge Hall of all the issues which would be, and in fact were, raised in the present proceeding, and had ample opportunity to present at this hearing such evidence as they considered necessary to sustain their respective contentions and meet those of the opposing party. The court did not err in denying appellant's motion for new trial.

For the reasons herein assigned, the judgment of the trial court is affirmed as modified.

Respondent will recover costs in this court.

DRIVER, C. J., BEALS, ROBINSON, and BLAKE, JJ., concur.